**ROSA DIAZ, Plaintiff**

v.

**PUEBLO INTERNATIONAL, INC., d/b/a PUEBLO SUPER-MARKET, Defendant**

Civil No. 302/1987

Territorial Court of the Virgin Islands

Div. of St. Croix

June 30, 1988

JEFFREY MOORHEAD, ESQ., St. Croix, V.I., *for plaintiff*

ADRIANE J. DUDLEY, ESQ., St. Thomas, V.I., *for defendant*

PETERSEN, *Judge*

## MEMORANDUM OPINION & ORDER

This matter is once again before this Court on Defendant Pueblo International's Motion to Amend this Court's Order of March 30, 1988, denying defendant's Motion to Dismiss. Specifically, defendant requests that this Court certify the issue of subject matter jurisdiction for appellate review.

The statute governing the certification of an interlocutory order for appeal by a U.S. District Court is 28 U.S.C. § 1292(b) which provides, in relevant part, as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that *such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that immediate appeal from the order may materially advance the ultimate termination of the litigation,* he shall so state in writing in such order.

This rule is made applicable to the Territorial Court by virtue of 4 V.I.C. § 33, 5 V.I.C. App. IV, Rule 176 and 5 V.I.C. App. V, Rule 20.15. These statutes read together essentially provide that § 23A(b) of the Revised Organic Act of 1954 authorized appeals from the Territorial Court to the District Court of the Virgin Islands. Furthermore, not only were these appeals to be governed by the Federal Rules of Appellate Procedure and the Rules of the Third Circuit Court of Appeals, but also that an appeal to the

District Court from the Territorial Court may be had on any basis under which an appeal could be had from the District Court to the Third Circuit Court of Appeals. Moreover, the jurisdiction of the V.I. District Court to entertain appeals from the Territorial Court was transferred to the Appellate Division of the District Court of the Virgin Islands, whose practice conforms with the practice in the Court of Appeals for the Third Circuit. Thus it is apparent to this Court that since 24 U.S.C.A. § 1292(b) authorizes interlocutory appeals from the District Court and since an appeal to the District Court is possible under any basis for which an appeal could be had from the District Court to the Appellate Court, then interlocutory appeals from the Territorial Court to the Appellate Division of the District Court also must be allowed. See also Industrious v. Government of the Virgin Islands, Civ. No. 78–308 (Terr. Ct. St. Thomas, May 4, 1981).

■ The questions to be considered by this Court when deciding a motion for certification are: (1) whether the motion to be appealed involves a controlling question; (2) whether there is substantial ground for difference of opinion with respect to the resolution of the issue to be appealed; and (3) whether an immediate appeal from the Territorial Court's decision could materially advance the ultimate termination of the litigation.

■ When evaluating these factors, the Court must bear in mind that the Legislative History of the Act clearly reveals that Congress intended that § 1292(b) should be sparingly applied. Miller v. Bison Laboratories, 260 F.2d 431 (3d Cir. 1958). Section 1292(b) was not designed to circumvent the general rule against piecemeal litigation. Max Daetwyler Corp. v. Meyer, 575 F. Supp. 280 (E.D. Pa. 1983). A motion for certification should not be granted merely because a party disagrees with the ruling of the trial judge. Id. at 282.

■ In Katz v. Carte Blanche Corporation, 496 F.2d 747 (3d Cir.), cert. denied, 419 U.S. 885 (1974), the Court explained that "a controlling question of law must encompass at the very least every order which if erroneous, would be reversible error on final appeal." Id. at 755. This Court finds that the Order herein meets this requirement as it deals directly with the question of the subject matter jurisdiction of this Court to entertain this case which, if found not to exist by the appellate court on final appeal, will result in the reversal of this case. See Myles v. Schlesinger, 436 F. Supp.

384

8, 22 (E.D. Pa. 1976) (Court certified its decision holding that there is no purpose in proceeding with costly and time-consuming litigation if the Third Circuit wil eventually hold that there was no jurisdiction.)

■ Whether the Order herein meets the criterium that it offers substantial grounds for a difference of opinion as to its correctness is not as readily evident to this Court as the "controlling factor" requirement. The defendant urges this Court to accept that this requirement has been met because 1) the defendant has reached a different interpretation of 24 V.I.C. § 77 et seq. than has this Court and 2) the authorities relied upon by this Court based their rulings upon completely different factual patterns to this case. On this second point defendant implies that the Courts in these other jurisdictions would hold differently. This Court disagrees that either of defendant's rationale could be relied upon to find that there is "substantial ground for a difference of opinion." It is the opinion of this Court that this requirement not only is intended to encompass the holdings of the Courts in the same jurisdiction as the one which made the Order but also that the holdings must be on the same issue as the one encompassed in the Order. This Court further notes that in another decision in this jurisdiction the Territorial Court also stated that exhaustion is not required by the statute. See Adams v. De Salvacion, Civ. 1987/474 (Terr. Ct. St. Croix 1988). Nevertheless this Court finds that the question is one which involves additional questions of first impression not fully dealt with in Adams v. DeSalvacion. See Colon v. Tompkins Square Neighbors, Inc., 294 F. Supp. 134, 136 (1968). However, the mere fact that the appeal would present a question of first impression is not, of itself, sufficient to show that the question is one on which there is a substantial ground for differences of opinion. Max Daetwyler Corp. citing 16 C. Wright, A. Miller, E. Cooper & E. Gressman, FEDERAL PRACTICE AND PROCEDURE § 3930 n.5 (1977 & Supp. 1983).

It is obvious that an immediate appeal would advance the ultimate termination of the litigation. This is true since the Appellate Court would presumably direct a dismissal of the suit if it disagreed with this Court's analysis and also because a significant amount of time, funds and efforts will necessarily be expended by the parties and the Court if this matter proceeds to trial on the substantive merits of the plaintiff's complaint. Therefore, a successful appeal would resolve this matter without

additional costs to all involved in both time and resource. However, a delay in awaiting an appeal following a final judgment or perhaps a delay occasioned by an unnecessary trial is an inconvenience that must be accepted if we are to adhere to the legislative philosophy in providing that, ordinarily, only final judgments should be reviewable and that certification is only appropriate in exceptional circumstances.

This Court finds that even though the Order involves a controlling question of law and that an immediate appeal may materially advance the ultimate termination of litigation, it is not evident that there is a substantial ground for differences of opinion with respect to the resolution of the issue sought to be appealed.

Accordingly, the defendant's Motion to certify the issue of subject matter jurisdiction is hereby denied.