# KRISTINA VANDENBERG on behalf of minor ARTHUR NEWMAN, Appellant
## v.
# KEITH WILLIAMS, Appellee

D.C. Civ. App. No. 1994-12

District Court Of The Virgin Islands

Div. of St. Croix

June 30,1995

Diane Trace Warlick, Esq., (Warlick & Quigley), St. Croix, V.I., *for appellant*

Ronald E. Russell, Esq., St. Croix, V.I., *for appellee*

MOORE, *Chief Judge*, District Court of the Virgin Islands; KAUFMAN, *Sr. United States District Judge*, District of Maryland, Sitting by Designation; SWAN, *Judge*, Territorial Court of the Virgin Islands, St. Thomas and St. John, Sitting by Designation.

## OPINION OF THE COURT

This appeal involves three lawsuits brought by the same plaintiff ("Williams" or "appellee") over the same automobile accident. The first one ("Civil Action")[1] named appellant Newman, then a minor, as defendant. The second suit ("Small Claims Action")[2] named Newman, still a minor, and his mother and owner of the car

---

[1] *Williams v. Newman*, Civ. No. 954-1990 (Terr. Ct. 1990).

[2] *Williams v. Newman and Vandenberg*, S.C. No. 865-1991 (Terr. Ct. 1991).

385

("Vandenberg" or "appellant") as defendants. The third action ("Third Action")[3] named Vandenberg on behalf of Newman, still a minor, as defendant. The first two actions were dismissed and the issue before us now is whether the Third Action can stand against either or both Vandenberg and Newman. We hold that it can.

## BACKGROUND

On or about October 17, 1990, Keith Williams filed the Civil Action against automobile driver Arthur Newman for negligence which resulted in personal injuries and property damage from a car accident which occurred on July 18, 1990. Appendix ("App.") at 1-5. In response, Newman, acting *pro se*, sent a letter to the court stating that he was a minor. *Id.* at 6. By Order dated November 9, 1990, Territorial Court Judge George S. Eltman treated Newman's response as a motion to dismiss and instructed Williams to respond by November 26, 1990. *Id.* at 7. The Civil Action was then dismissed on December 12, 1990 when Williams filed nothing in response to the motion. *Id.* at 8.

In August 1991, Williams filed the Small Claims Action against Kristina Vandenberg, as owner of the vehicle and as Newman's mother, and again, against Newman. App. at 12-13. Vandenberg responded by filing a motion to dismiss on res judicata grounds, which was denied by order dated November 12, 1991. *Id.* at 14-15. At a hearing before the Honorable Raymond L. Finch on November 20, 1991, however, the court dismissed the Small Claims Action against Newman as barred by the earlier Civil Action and then dismissed the case against Vandenberg for failure to state a claim of negligent entrustment.[4]

In July 1992, Williams filed the Third Action which is the subject of this appeal. *Keith Williams v. Kristine Vandenberg on behalf of minor*

---

[3] *Williams v. Vandenberg on behalf of minor Newman,* Civ. No. 713-1992 (Terr. Ct. 1992).

[4] *Id.* at 16-24. After the Small Claims Action had been dismissed, by letter dated May 15, 1992, Williams wrote to Judge Eltman requesting clarification of his dismissal order in the Civil Action (*id.* at 10), since that Order, dated December 12, 1990, did not indicate whether the dismissal was "with or "without" prejudice. Judge Eltman entered an Order on June 2, 1992 amending the Civil Action dismissal to read "without prejudice." *Id.* at 11. As explained herein, Vandenberg argues that Williams deliberately did not provide her with a copy of this letter and neglected to inform Judge Eltman that his Small Claims Action had already been dismissed.

*Arthur C. Newman.*[5] Vandenberg filed a motion to dismiss based on issue preclusion. *Id.* at 39-40. The trial court denied this motion and a subsequent motion for reconsideration, noting that the first action had been dismissed without prejudice. *Id.* at 48-50. The court also emphasized that the Small Claims Action had been dismissed upon the trial court's determination that there was no basis for recovery against Vandenberg, individually, under the theory of negligent entrustment.[6] Vandenberg then filed this interlocutory appeal.

## DISCUSSION

Our standard of review of this interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is plenary. *Diaz v. Pueblo International, Inc.*, 23 V.I. 382, 383 (Terr. Ct. 1988) (outlining the territorial appellate jurisdiction over interlocutory orders); *see Ross v. Bricker*, 26 V.I. 314, 318, 770 F. Supp. 1038, 1042 (D.V.I. APP. 1991) (emphasizing plenary standard of appellate review for the interpretation and application of legal precepts). The issue on appeal is whether the trial court erred in denying Vandenberg's motion to dismiss Williams' latest lawsuit. Appellant argues that the Third Action is barred by the doctrine of res judicata because it involves the same claims and facts which were litigated in the earlier two suits. She also contends that this action is barred because both the Civil Action and the Smalls Claims Action were dismissed on their merits under FED. R. CIV. P. 41(b).[7]

---

[5] App. at 35-38. Ronald E. Russell, Esq. filed the complaint on Williams' behalf and is his current counsel. The Civil Action was filed by George Cannon, Esq. Williams acted *pro se* in the second case, the Small Claims Action. Judge Finch, who had handled the Small Claims Action, recused himself in the Third Action and the matter was transferred to Judge Eltman, who had handled the Civil Action.

[6] The Third Action is not against Vandenberg in her personal capacity, but solely on behalf of Newman, the minor, since the dismissal of the Small Claims Action on the theory of negligent entrustment precluded further suit against Vandenberg personally.

[7] Absent local law to the contrary, the Federal Rules of Civil Procedure apply to the Territorial Court. Terr. Ct. R. 7. FED. R. CIV. P. 41(b) states:

**Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper

The doctrine of res judicata is succinctly stated in the Restatement (Second) of Judgments, section 27:[8]

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

The trial division of this Court has previously paraphrased this doctrine as "the legal principle that a final judgment, rendered upon the merits, without fraud or collusion, by a court which had jurisdiction over both the parties and the subject matter, is conclusive in a subsequent action between the parties or their privies based upon the same cause of action."[9]

■ Thus, if the dismissal of the Civil Action was on the merits, litigation of it between the parties would have been precluded. As conceded in appellant's letter dated October 25, 1991 to the Territorial Court, however, and as confirmed by Judge Eltman in his subsequent order, dismissal of the Civil action was based on plaintiff's failure to prosecute, not on the merits of whether Newman could be held liable as a minor. Pursuant to FED. R. CIV. P. 60, Judge Eltman clarified his dismissal of the Civil Action by declaring that it was entered without prejudice.[10] Unfortunately, the clarification did not occur until after Judge Finch had based his dismissal of the Small Claims action against Newman on this earlier dismissal of the Civil Action. App. at 14, 17-18.

---

venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

[8] Absent local law to the contrary, the Restatement of Judgments applies to the issues presented on appeal. V.I. CODE ANN. tit. 1, § 4.

[9] *Bank of Nova Scotia v. Bloch*, 19 V.I. 45, 51, 533 F. Supp. 1356 (D.V.I. 1982), *aff'd*, 707 F.2d 1388 (3d Cir. 1988). Although we are not bound by it, we find the reasoning of the Trial Division persuasive and adopt it as our own. *See Nibbs v. Roberts*, VI BBS 91CI29A.DX2 (D.V.I. APP. Feb. 8, 1995) (explaining the authority of the Appellate Division regarding issues of purely local law); *In the Matter of Barrett*, 91CI159A.DX2 (D.V.I. APP. Jan. 31, 1995).

[10] The clarification in essence ended any mystery of whether the initial dismissal was based on Williams' failure to prosecute or resulted from Newman's contention that a minor could not be held liable for his acts.

■ Vandenberg asserts that dismissal of the Civil Action was entered pursuant to Rule 41(b), which governs dismissals for failure to prosecute. Rule 41(b) dismissal for want of prosecution operates as an adjudication on the merits only if the court does not specify otherwise in its order of dismissal.[11] Since Judge Eltman, judge in the first and third actions, declared that the dismissal of the first Civil Action was without prejudice, it can hardly be viewed as a final judgment on the merits,[12] and as such, does not preclude this Third Action.[13]

## IV. CONCLUSION

Having considered appellant's arguments, the Court concludes that neither the December 12, 1990 Order of dismissal, nor the Order dismissing the Small Claims Action, constitute final adjudications on the merits as far as the present action against Vandenberg in her capacity as guardian ad litem for Newman. Williams is entitled to litigate his claim against Newman via his representative Vandenberg to an actual determination on the merits. For all these reasons, the decision of the Territorial Court denying the appellant's motion to dismiss is affirmed. An appropriate order follows.

## ORDER OF THE COURT

AND NOW, this 30 day of June, 1995, after careful review of the record and having considered the submissions and arguments of

---

[11] *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 630-32, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962). The preclusive effect of a Rule 41(b) dismissal, however, is limited to the precise issues resolved by the dismissal. *See Allegheny International Inc. v. Allegheny Ludlum Steel Corp.,* 40 F.3d 1416 (3d Cir. 1994) (LEXIS, Genfed library, 3cir file) (holding that dismissal of a previous suit with prejudice is not *res judicata* unless the suits involve both the same parties and the same causes of action).

[12] "It is commonly said that preclusion can rest only on a judgment that is valid, final and on the merits." CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4435, at 329 (1981).

[13] Without in any way passing on the merits, we note Restatement (Second) of Torts, section 293A (holding children responsible under tort law to the standard of a reasonable person of like age, intelligence, and experience under similar circumstances); 20 V.I.C. § 374 (holding parents or guardians financially responsible for torts caused by their wards); and 5 V.I.C. § 73 (providing a procedural framework pursuant to Fed. R. Civ. P. 17(c) for a minor's legal defense).

the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;

IT IS ORDERED:

THAT the Territorial Court's Order dated September 28, 1992 is AFFIRMED, and the matter is REMANDED to the Territorial Court with instructions to conduct further proceedings.