**SYLVESTER H. JULIEN, Appellant**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, ROY L. SCHNEIDER, GOVERNOR; LILLIANA BELARDO de O'NEAL, SENATOR; and ALMANDO "ROCKY" LIBURD, SENATE PRESIDENT, Appellees**

D.C. Civ. App. No. 1996/20

T.C. Civ. No. 826/1995

District Court of the Virgin Islands

Div. of St. Croix

April 4, 1997

SYLVESTER H. JULIEN, St. Croix, U.S.V.I., *Pro Se Appellant*

R. OLIVER DAVID, ESQ., St. Croix, U.S.V.I., *for Appellees de O'Neal and Liburd*

MICHAEL B. LAW, ESQ., St. Thomas, U.S.V.I., *for Appellees Government of the Virgin Islands and Schneider*

MOORE, *Chief Judge*, FINCH and DIASE, *Judges*

### OPINION OF THE COURT

PER CURIAM .

This appeal arose out of a Territorial Court Order dismissing Sylvester H. Julien's ["appellant"] action to enjoin, and declare void, any nomination or confirmation of members to the Casino Control Commission ["Commission"] which was not in compliance with V.I. CODE ANN. tit. 3, § 65(b). The issue on appeal is whether the trial court erred in dismissing appellant's complaint due to lack of standing.[1] For the reasons which follow, the December 12, 1995 ruling of the Territorial Court is affirmed.

### FACTUAL BACKGROUND

On or about November 16, 1995, Governor Roy L. Schneider ["Governor"] submitted a list of nominees to the Commission for

---

[1] Appellant's brief purports to raise two additional issues: 1) whether the trial court erroneously found that the allegations in the complaint were insufficient to show a specific particularized injury to appellant; and 2) whether the trial court erred in precluding appellant from presenting evidence at the hearing which may have established a particularized injury to him. We recognize, however, that there is really only one issue on appeal, namely, whether appellant had standing to bring this suit.

confirmation before the Legislature of the Virgin Islands.[2] In response to these nominations, appellant wrote to Senator Lilliana Belardo de O'Neal ["Belardo"], as Chairwoman of the Rules Committee, to bring her attention to the requirement that there be notice and publication of vacancies for boards and commissions pursuant to 3 V.I.C. § 65(b). Then, on November 21, 1995, appellant filed a complaint in the Territorial Court seeking to enjoin, and to declare void, any nomination or confirmation of members to the Commission which was not in compliance with Section 65(b).[3] and (4) a temporary restraining order enjoining appellees from initiating, continuing or completing any transaction of a political nature, including, but not limited to commencement of confirmation hearings before the Rules Committee or the full Senate on the issue of the nominations to the Board until such time as the Governor complies with 3 V.I.C. § 65(b). A hearing on appellant's request for a temporary restraining order was initially scheduled for November 27, 1995, but was continued to December 12, 1995. On the 12th of December, appellees moved to dismiss appellant's complaint due to lack of standing.[4] The trial judge, ruling from the bench, ordered that appellant's complaint be dismissed for lack of standing, stating in pertinent part:

> The Court will note the Plaintiff filed this action pursuant to Paragraph Two as a citizen, as a taxpaying

---

[2] The persons nominated were: Imelda N. Dizon, Michael A. Watson, Joan A. Thomas, Jan Hanley, Dennis Brow, and Oscar Henry.

[3] Appellant's Verified Complaint sought: (1) an expedited hearing and a declaratory judgment that Governor Roy L. Schneider's nomination of individuals to serve on the Casino Control Commission Board was "invalid, void, illegal and unenforceable;" (2) a temporary restraining order enjoining appellees the Government of the Virgin Islands, Lilliana Belardo de O'Neal, Almando "Rocky" Liburd and the Rules Committee of the Twenty-First Legislature of the Virgin Islands from holding any hearings to confirm the individuals nominated; (3) a temporary restraining order enjoining the Governor and any servant, agent or employee of the Government from "further initiating, proceeding or completing any transaction" involving the nomination of members of the Commission that is not in conformity with V.I. CODE ANN. tit. 3, § 65(b);

[4] On December 12, 1996, prior to commencement of the hearing, appellees filed two motions: 1) Memorandum of Law in Support of the Motion to Dismiss of the Defendants, Government of the Virgin Islands and Roy L. Schneider, Governor; and 2) Response of Defendants, Almando "Rocky" Liburd and Lilliana Belardo de O'Neal to Plaintiff's Motion for Temporary Restraining Order. See Supplemental Appendix ["Supp. App."] of Appellee at 3-4.

citizen, and also a resident of the Virgin Islands and the complaint asserts he has standing without, specifically, delineating what the basis of that standing is.

The Court will note it is an action for injunctive relief and, therefore, the Plaintiff would have to establish some harm that is the gravamen of any action for injunctive relief and the closest allegation the Court can find concerning an injury is in Paragraph 14, where there is an allegation of irreparable harm if the Governor is not ordered to publicize the vacancies because it's contrary to the best interest of the people of the Virgin Islands. There [are] also allegations that the absence of notice somehow sends a negative precedent to the community . . . .

. . . .

The Court . . . find[s] that the allegations in the complaint are insufficient to show a specific particularized injury as required by applicable law and therefore insufficient to confer standing upon the Plaintiff.

The Court . . . further find[s] that . . . the mere statement in a complaint that one has standing falls short of the requirement of law of establishing standing, but even if there was an allegation with respect to this Plaintiff not having the opportunity to apply to the Governor for consideration, by his own admission, that harm is the same harm suffered by everyone else who didn't receive notice and who may have been qualified. And by his own statement there were other qualified individuals.

Supplemental Appendix ["Supp. App."] of Appellee at 38-43. The instant appeal followed.

## DISCUSSION

### A. Standard of Review

The gravamen of this appeal is whether the Territorial Court erred in granting appellees' motion to dismiss due to lack of

standing. This question, being one of law, is subject to plenary review.[5]

## B. Standing to Sue

Appellant sought injunctive relief in the Territorial Court on grounds that appellees had violated 3 V.I.C. § 65(b) by failing to advertise existing vacancies on the Commission. Section 65(b) provides that

> [p]rior to the submission of a nomination to the Legislature to fill a vacancy on a board or commission, which nomination requires the advice and consent of the Legislature; the Governor shall cause to be printed in a newspaper of general circulation in each island district, a public notice that a vacancy exists. Such notice shall state the name of the board or agency on which the vacancy occurs, the fact that the Governor will be submitting a nomination to the Legislature, any qualifications required by law of prospective nominees, and an invitation to the public and organized groups to recommend persons to the Governor for nomination to fill the vacancy. The public notice shall be published not less than twice a week for two consecutive weeks.

Without addressing the merits of appellant's case, this Court must now decide whether the trial court erred in deciding that appellant lacked standing to sue in the Territorial Court.

Appellant's complaint states that he "is a citizen of the United States of America, a taxpaying citizen of the Virgin Islands and [a] resident of St. Croix, Virgin Islands, and has standing to bring this action." Supp. App. of Appellee at 45 (emphasis in original). Appellees, on the other hand, contend that appellant failed to allege any injury in his complaint which would affect him personally, and which would give him standing to maintain his action.

---

[5] *See Vandenberg ex rel. Newman v. Williams*, 891 F. Supp. 244, 32 V.I. 385 (D.V.I. APP. 1995); accord, *SIU de Puerto Rico v. Virgin Islands Port Authority*, 42 F.3d 801, 31 V.I. 345, 348 (3d Cir. 1994); *Epstein Family Partnership v. KMart Corp.*, 13 F.3d 762, 765-66 (3d Cir. 1994); *Rivera v. Government*, 635 F. Supp. 795 (D.V.I. 1986).

■ Standing to sue means that a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy. *Sierra Club v. Morton*, 405 U.S. 727, 731, 31 L. Ed. 2d 636, 92 S. Ct. 1361(1972). This requirement of a "personal stake" has come to be understood to require not only a "distinct and palpable injury"[6] to the plaintiff, but also a "fairly traceable"[7] causal connection between the claimed injury and the challenged conduct.[8]

At the hearing on December 12, 1995, appellant admitted that he had not established standing in his complaint. The following discourse took place:

> THE COURT: Wait a minute. Does your complaint allege that you, Sylvester Julien, was somehow either precluded from —
> MR. JULIEN: No, it does not.
> THE COURT: — from applying, or wasn't considered? What is the injury that you are alleging?
> MR. JULIEN: My complaint states that I have standing. I did not articulate to say why I have standing or say I — that I didn't have an opportunity to apply, or if the job wasn't posted that I would be suffering an injury.
> THE COURT: How are the Defendants going to respond to your complaint if they don't know what the basis is?
> MR. JULIEN: The reason I did not include that — look at the Federal Rules of Civil Procedure. It says the complaint has to be plain and concise.

---

[6] *Warth v. Seldin*, 422 U.S. 490, 501, 45 L. Ed. 2d 343, 95 S. Ct. 2197 (1975).

[7] *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252, 261, 50 L. Ed. 2d 450, 97 S. Ct. 555 (1977).

[8] *See also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-62, 119 L. Ed. 2d 351, 112 S. Ct. 2130 (1992); *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472-74, 70 L. Ed. 2d 700, 102 S. Ct. 752 (1982); *Leopold v. O'Leary*, 80 F.R.D. 99 (D.C.Haw. 1978); *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 72, 57 L. Ed. 2d 595, 98 S. Ct. 2620 (1978); *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 38-39, 48 L. Ed. 2d 450, 96 S. Ct. 1917 (1976); *Public Citizen v. Sampson*, 379 F. Supp. 662 (D.C.D.C. 1974); *Linda R.S. v. Richard D.*, 410 U.S. 614, 616-17, 35 L. Ed. 2d 536, 93 S. Ct. 1146 (1973); *U.S. v. Richardson*, 418 U.S. 166, 179-80, 41 L. Ed. 2d 678, 94 S. Ct. 2940 (1974); *Laird v. Tatum*, 408 U.S. 1, 13, 33 L. Ed. 2d 154, 92 S. Ct. 2318 (1972); *Atlee v. Laird*, 339 F. Supp. 1347 (E.D.Pa. 1972); *Dash v. Mitchell*, 356 F. Supp. 1292 (D.C.D.C. 1972).

. . . .

THE COURT: Before you get to your evidence, tell me what is an injury you are alleging in this case.

MR JULIEN: Had the Governor complied with Title 3, Section 65(b) and he posted it in the newspapers and that vacancy exists for boards and commissions, I would apply for that position. I would apply because I am qualified to. I am qualified, but the Governor's failure to comply with Title 3, Section 65(b), I have been excluded from participating in a process which is here delineated by the Legislature. As a result, I believe that I am hurt. I believe that I am harmed.

THE COURT: Your complaint doesn't mention any of that, so are you precluded from alleging that? Your complaint says that the Governor's failure to comply with the statute is contrary to the interest of the people of the Virgin Islands.

Supp. App. of Appellee at 15-17.

Appellant suggests that as a pro se litigant, he should not be held to the strict standards applied to pleadings,[9] and he also states that he believed he would have an opportunity at the hearing to explain the specific injury he suffered as a result of the Governor's failure to comply with 3 V.I.C. § 65(b). The Federal Rules of Civil Procedure ["Rules"] provide that "an application to the court . . . shall state with particularity the grounds therefor, and shall set forth the relief or order sought."FED. R. CIV. P. 7(b)(1).[10] The Rules further provide that a pleading which sets forth a claim for relief shall contain a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a). The Rules also state that "[e]ach averment of a pleading shall be simple, concise, and direct," and that "no technical forms of pleading or motions are required." FED. R. CIV. P. 8(e)(1).

---

[9] *Accord, e.g., Becker v. Commissioner,* 751 F.2d 146, 149 (3d Cir. 1984), for the proposition that a less stringent pleading requirement applies to *pro se* complaints.

[10] Absent local law to the contrary, the Federal Rules of Civil Procedure apply to the Territorial Court of the Virgin Islands. Terr. Ct. R. 7.

■ Courts are called upon to decide actual cases and controversies, not to issue advisory opinions. *See Allen v. Wright* , 468 U.S. 737, 750, 82 L. Ed. 2d 556, 104 S. Ct. 3315(1984). "There is no uncertainty as to the requirement that a plaintiff, in order to have standing, must allege that he himself suffers some "injury in fact' by reason of the action sought to be challenged." *Dash v. Mitchell,* 356 F. Supp. 1292, 1295 (D.C.D.C. 1972), citing *Davis, Standing: Taxpayers and Others,* 35 U. Chi. L. Rev. 601, 607 (1968). Injury in fact is what the Supreme Court has thought imparts that "adversary context" to litigation requiring a case or controversy. *Flast v. Cohen,* 392 U.S. 83, 101, 20 L. Ed. 2d 947, 88 S. Ct. 1942 (1968).

■■ The Supreme Court has held that the "irreducible constitutional minimum of standing contains three elements":

> First, the plaintiff must have suffered an "injury in fact"
> — an invasion of a legally-protected interest which is (a)
> concrete and particularized, . . . and (b) "actual or imminent, not "conjectural' or "hypothetical,'" . . . . Second,
> there must be a causal connection between the injury and
> the conduct complained of—the injury has to be "fairly
> . . . traceable to the challenged action of the defendant,
> and not . . . the result [of] the independent action of some
> third party not before the court." . . . Third, it must be
> "likely," as opposed to merely "speculative," that the
> injury will be "redressed by a favorable decision." . . .
> Since they are not mere pleading requirements but rather
> an indispensable part of the plaintiff's case, each element
> must be supported in the same way as any other matter
> on which the plaintiff bears the burden of proof, i.e., with
> the manner and degree of evidence required at the
> successive stages of the litigation . . . . At the pleading
> stage, general factual allegations of injury resulting from
> the defendant's conduct may suffice, for on a motion to
> dismiss we "presume that general allegations embrace
> those specific facts that are necessary to support the
> claim."

*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 119 L. Ed. 2d 351, 112 S. Ct. 2130 (1992) (citations omitted). It is, therefore, evident

172

that while general factual allegations will suffice, appellant was required, at a minimum, to allege in the pleadings the injury he suffered as a result of appellees' conduct. Additionally, the "question of standing is generally determined from the face of the complaint." *Zivic v. Zivic*, 21 V.I. 290, 293 (Terr. Ct. 1985), citing *Borelli v. City of Reading*, 532 F.2d 950, 951 (3d Cir. 1976).

■ As the Supreme Court stated in *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, the requirement of actual injury

> tends to assure that the legal questions presented to the court will be resolved, not in the rarified atmosphere of a debating society, but in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action. The "standing" requirement serves other purposes. Because it assures an actual factual setting in which the litigant asserts a claim of injury in fact, a court may decide the case with some confidence that its decision will not pave the way for lawsuits which have some, but not all, of the facts of the case actually decided by the court . . . which reflects a due regard for the autonomy of those persons likely to be most directly affected by a judicial order.

454 U.S. 464, 472-73, 70 L. Ed. 2d 700, 102 S. Ct. 752 (1982). Appellant in the instant matter, failed to plead any injury in fact, and, therefore, lacks standing to sue. Appellant contends that he believed he would have an opportunity at the hearing to state how he was injured by appellees' conduct. The trial judge aptly pointed out, however, that appellant's strategy would deny appellees the opportunity of knowing in advance which theories were being advanced and prevent them from preparing a defense prior to the hearing. See Supp. App. of Appellee at 15. Appellant failed to realize that he must allege actual injury "resulting from the putatively illegal action before a . . . court may assume jurisdiction." *Leopold v. O'Leary*, 80 F.R.D. 99, 100 (D.C.Haw. 1978) (emphasis added).

■ Appellant simply alleges as the base for his claim of standing the fact that he is a "taxpaying citizen." In *Atlee v. Laird*, 339 F.

173

Supp. 1347, 1354 (1972), where plaintiffs asserted standing as taxpayers, citizens, and voters, the court held that standing must be analyzed in terms of whether "the appellant[] alleged such a personal stake in the outcome of the controversy as to assure . . . concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult . . . questions." As the Supreme Court has stated, a taxpayer may not use the court as a forum in which to air his generalized grievances about the conduct of government or the allocation of power. *U.S. v. Richardson*, 418 U.S. 166, 173-74, 41 L. Ed. 2d 678, 94 S. Ct. 2940 (1974).[11]

Appellant contends that if he had been allowed to present evidence during the hearing, he would have been able to prove that if the Governor had complied with 3 V.I.C. § 65(b) he would have applied for a position on the Commission, because of his qualifications. Supp. App. of Appellee at 17. We note, however, that this evidence would not have proved that appellant suffered a particularized injury. Instead, he would simply have shown that he suffered a harm shared by the general public. Appellant is a member of the general public who was prevented from applying for the job. As a matter of law, this would not satisfy the requirement of a particularized injury.

## CONCLUSION

Just as the Supreme Court has "declined to grant standing where the harm asserted amounts only to a generalized grievance shared by a large number of citizens in a substantially equal measure",[12] this Court finds that appellant's complaint failed to allege that he suffered any injury in fact as a result of appellees' actions, and that

---

[11] The Supreme Court in Richardson stated in dicta:

As our society has become more complex, our numbers more vast, our lives more varied, and our resources more strained, citizens increasingly request the intervention of the courts on a greater variety of issues than at any period of our natural development. The acceptance of new categories of judicially cognizable injury has not eliminated the basic principle that to invoke judicial power the claimant must have a "personal stake in the outcome," . . . or a "particular, concrete injury," . . . or "a direct injury," . . . in short, something more than "generalized grievances . . . ."

418 U.S. at 179-80 (1974).

[12] *Duke Power Co. v. Carolina Environmental Study Group, Inc., et al.*, 438 U.S. 59, 80, 57 L. Ed. 2d 595, 98 S. Ct. 2620(1978).

the trial court did not err in precluding him from presenting evidence on the issue. We, therefore, affirm the decision of the Territorial Court.

DATED this 4th day of April, 1997.

## ORDER OF THE COURT

AND NOW, this 4th day of April, 1997, having considered the arguments and submissions of the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;

IT IS ORDERED AND ADJUDGED that the December 12, 1995 ruling of the Territorial Court is AFFIRMED.