Walter C. **KRETZER,**
Plaintiff/Appellant,

v.

**HESS OIL VIRGIN ISLANDS CORP.,**
Defendant/Appellee.

**Civ. App. No. 2001–0019.**

District Court, Virgin Islands,
Appellate Division
D. St. Croix.

Considered April 12, 2002.

Filed Aug. 16, 2002.

Before Honorable THOMAS K. MOORE, Judge of the District Court of the Virgin Islands, the Honorable STANLEY S. BROTMAN, Senior Judge of the U.S. District Court for the District of New Jersey, sitting by designation and the Honorable ISHMAEL A. MEYERS, Judge of the Territorial Court, sitting by designation.

## MEMORANDUM OPINION

PER CURIAM.

## I. INTRODUCTION

Walter C. Kretzer ["Kretzer" or "appellant"] appeals the order of the Territorial Court entering judgment on the pleadings in favor of Hess Oil Virgin Islands Corporation ["HOVIC" or "appellee"], finding that federal maritime law preempted Kretzer, as a seaman operating in territorial waters, from bringing any claim under the Virgin Islands Wrongful Discharge Act, V.I.Code Ann. tit. 24, § 76 ["VIWDA"].

While we agree that maritime law governs this case, the trial judge applied its preemptive effect too broadly in effectively ruling that a seaman, as an at-will employee under federal maritime law, could never bring a claim for wrongful discharge under the VIWDA. Substantive maritime law recognizes a public policy exception to the at-will maritime employment, whether such a public policy exception is grounded in the VIWDA or elsewhere. We also agree, however, that the complaint as pleaded does not state a claim for a maritime tort for wrongful discharge and was therefore properly dismissed. Accordingly, we will affirm the Territorial Court's judgment dismissing appellant's complaint on the pleading.

Lee. J. Rohn, St. Croix, U.S.V.I., for appellant.

Britain H. Bryant, St. Croix, U.S.V.I., for appellee.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 1991, Kretzer, a seaman and resident of Rhode Island, was invited to travel to

the Virgin Islands to work for HOVIC as a Marine Pilot. Without a written contract, he began work on July 17, 1991. On August 10, 1991, less than one month later, HOVIC gave him a letter terminating his employment for "willful and intentional disobedience of reasonable rules, orders and instructions during orientation." (*See* J.A. of Appellant, at 10.) HOVIC specifically stated that Kretzer refused to pilot small ships under the observation of an experienced pilot. (*Id.*) Kretzer alleged that HOVIC lacked just cause for terminating him and attempted, but was unable, to meet with HOVIC to discuss the reasons for his termination.

On October 9, 1991, Kretzer filed suit against HOVIC in Territorial Court for wrongful termination, alleging a generic violation of the Virgin Islands Wrongful Discharge Act. On August 12, 1992 pursuant to Fed.R.Civ.P. 12(c), HOVIC moved for judgment on the pleadings. Briefing was completed by April of 1993. In August of 1997, HOVIC moved for summary judgment. On December 18, 2000, when HOVIC's motion for judgment on the pleadings had been pending for more than seven years, the trial court entered judgment on the pleadings in favor of HOVIC, without considering any of the submitted matters outside the pleadings. The court held that federal admiralty law flatly preempted the Virgin Islands Wrongful Discharge Act and precluded Kretzer from pursuing his claim for discharge under the VIWDA, and, accordingly dismissed his complaint. On December 28, 2000, Kretzer filed this timely appeal.

## III. DISCUSSION

### A. Jurisdiction and Standard of Review

The Appellate Division of the District Court of the Virgin Islands has jurisdiction to review the final judgments and orders of the Territorial Court pursuant to 4 V.I.C. § 33.[1] Because the Territorial Court's grant of dismissal involves the selection, interpretation, and application of legal precepts, the Court's review is plenary. *See Government of the Virgin Islands v. Steven,* 36 V.I. 176 (D.V.I.1997); *Julien v. Government of Virgin Islands,* 36 V.I. 165, 168–69, 961 F.Supp. 852, 854 (App. Div.1997); *Vandenberg ex rel. Newman v. Williams,* 32 V.I. 385, 387, 891 F.Supp. 244, 246 (App.Div.1995).

### B. General Maritime Law Governs this Case.

As a general rule, admiralty jurisdiction is vested exclusively in federal courts. U.S. Const. art. III, § 2 ("The judicial Power shall extend ... to all Cases of admiralty and maritime Jurisdiction."). With admiralty jurisdiction comes, in general, the applicability of maritime law. *See, e.g., Greenly v. Mariner Mgmt. Group,* 192 F.3d 22 (1st Cir.1999). Uniformity of application throughout the nation is a central purpose and feature of this exclusive jurisdiction. *See The Lottawanna,* 21 Wall. (88 U.S.) 558, 575, 22 L.Ed. 654 (1874). The application of substantive admiralty law does not, however, result in the "automatic displacement of state law." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.,* 513 U.S. 527, 545, 115 S.Ct. 1043, 130 L.Ed.2d 1024 (1995).

█ Pursuant to the "Savings to Suitors Clause" contained within 28 U.S.C. § 1333, state courts have concurrent jurisdiction to adjudicate maritime in personam causes of action.[2] In such cases, however, the extent to which state law may be used to

---

1. *See* Revised Organic Act of 1954 § 23A, 48 U.S.C. § 1613a. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541–1645 (1995 & Supp.2002), *reprinted in* V.I.Code Ann. 73–177, Historical Documents, Organic Acts, and U.S. Constitution

(1995 & Supp.2002) (preceding V.I.Code Ann. tit. 1).

2. *See* 28 U.S.C. § 1333(1) ("The district courts shall have original jurisdiction, exclusive of the courts of the States, of [a]ny civil

remedy maritime injuries is constrained by a so-called "reverse-Erie" doctrine, which requires that the substantive remedies afforded by the States conform to governing federal maritime standards. *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 222–23, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986).

## C. Absent a Contract, Employment in Maritime Law Generally Is "At-Will" and plaintiff Has Pled No Recognized Exception.

■ The starting point for the Court's analysis in this case is the general principle that under black-letter maritime law, in the absence of a contract providing to the contrary, a seaman is an at-will employee and may be discharged for "good cause, for no cause, or even in most circumstances, for a morally reprehensible cause." *Smith v. Atlas Off–Shore Boat Serv., Inc.*, 653 F.2d 1057, 1063 (5th Cir. 1981); *Meaige v. Hartley Marine Corp.*, 925 F.2d 700, 702 (4th Cir.1991) (finding that federal admiralty law preempted seaman's state law claim for wrongful discharge, recognizing the exclusive nature of federal admiralty law, and noting that uniformity of application of law throughout the nation is a central purpose and feature of this exclusive jurisdiction).

The general maritime law, however, is not a complete or all-inclusive system. Federal courts may, and often do, look to state statutory law and to precepts of the common law which they "borrow" and then apply as the federal admiralty rule. Thomas J. Schoenbaum, ADMIRALTY AND MARITIME LAW 46 (West 2001). There is a growing body of federal maritime jurisprudence relating to wrongful discharge that applies despite the well-recognized law that an at-will employee's employment is day-to-day and can be terminated without good cause. *Smith*, 653 F.2d at 1061–62 (concluding that discharge in retaliation for seaman's exercise of legal right to file personal injury action against the employer constituted maritime tort).

■ Under general maritime law, the tort of wrongful discharge arises when an employer terminates an at-will seaman in violation of an important public· policy. "[T]he primary inquiry is whether public policy considerations in particular factual circumstances are sufficient to override the at-will doctrine." *Borden v. Amoco Coastwise Trading Co.*, 985 F.Supp. 692, 697 (S.D.Tex.1997). Thus, over the years, several courts have carved out limited, fact-particularized exceptions to the general at-will rule when the termination of an at-will employee violates a clearly important public policy. Such exceptions permit a plaintiff to pursue a maritime tort for wrongful discharge, either under the general maritime law or a non-conflicting state statute, for having been wrongfully terminated by an employer.[3]

case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.").

**3.** *See, e.g., Ellenwood v. Exxon Shipping Co.*, 984 F.2d 1270 (1st Cir.1993) (finding that state statute prohibiting discrimination against handicapped was not preempted by maritime law, where plaintiff, who never had an on-the-job problem with alcohol, was removed from his position as chief engineer of Exxon oil tanker for having voluntarily entered, and successfully completing, a month-long alcohol rehabilitation program a year before Exxon Valdez accident); *Smith v. Atlas Off–Shore Boat Serv., Inc.*, 653 F.2d 1057 (allowing seaman's wrongful discharge claim for retaliation against plaintiff's personal injury suit brought under the Jones Act); *Edgar v. Tyson Seafood Group, Inc.*, 1999 WL 1293563 (W.D.Wash. Apr.28, 1999) (denying summary judgment of state law claim for wrongful discharge on basis that termination of ship captain for trying to control intoxication of crewmembers posed a serious safety threat to all seamen on a vessel and further finding that allowing an employer to fire a captain at will for attempting to do something about drink-

The VIWDA, which governs the relationship between an employer and employee in the Virgin Islands, represents a statutory abrogation of the common law rule of at-will employment applicable in the Virgin Islands before its enactment. It creates "a list of acceptable reasons for discharge, and proscribes all others that are not justifiable by business necessity or other similar reasons. Insofar as it defines public policy at all, it does so only negatively." *See General Offshore Corp. v. Farrelly,* 743 F.Supp. 1177, 1198 (D.Vi. 1990).

 Appellant argues that because the Virgin Islands Wrongful Discharge Act [4] sets forth Virgin Islands public policy

ing aboard his vessel "would create an incentive for the captain to risk human life in order to retain his employment"); *Morgan v. Tyson Seafood Group Inc.,* 1997 WL 882599 (W.D.Wash. Sept.24, 1997) (concluding that Washington's anti-discrimination law does not conflict with federal admiralty law, and the Jones Act and general maritime law leave room for additional legislation in the area of employment discrimination); *Borden v. Amoco Coastwise Trading Co.,* 985 F.Supp. 692 (holding that ship captain, under Texas employment law, may proceed on a claim for wrongful discharge in violation of public policy when he alleged that he was fired for refusing a management directive to sail a recently-leaking vessel then carrying toxic chemicals into a storm); *Folstrom v. Northern Jager Partners, L.P.,* 1997 WL 824813 (W.D.Wash. Jan.21, 1997) (citing *Smith v. Atlas Off-Shore* and finding that in order to sustain an action for retaliatory refusal to rehire, a seaman must show that the decision not to rehire was motivated in substantial part by the knowledge that he intended to file a personal injury action against the defendants); *Seymore v. Lake Tahoe Cruises,* 888 F.Supp. 1029, 1035 (E.D.Cal.1995) (recognizing wrongful discharge claim under whistleblower statute of captain who contended he was discharged for refusing to sail or to order anyone else to sail a seriously leaking vessel which he reasonably believed was unseaworthy); *Clements v. Gamblers Supply Mgmt. Co.,* 610 N.W.2d 847 (Iowa 2000) (permitting ship captains' state claims for retaliatory discharge against employer that managed riverboat casino, based upon captains' discharge after one captain informed management that he would not cooperate in structural modifications that would affect boat's stability in absence of Coast Guard approval); *Baiton v. Carnival Cruise Lines, Inc.,* 661 So.2d 313 (Fla.Dist.Ct. App.1995) (holding that employee stated cause of action under state whistleblower statute for retaliatory discharge where discharge was motivated in substantial part by

employee's giving, or agreeing to give, truthful testimony in personal injury action against maritime employer, or his refusal to give false statement in proceeding).

4. The VIWDA sets out nine specific statutory grounds for which a private employer may dismiss an employee. It states:

(a) Unless modified by union contract; an employer may discharge a private employee

(1) who engages in a business which conflicts with his duties to his employer or renders him a rival of his employer;

(2) whose insolent or offensive conduct toward a customer of the employer injures the employer's business;

(3) whose use of intoxicants of controlled substances interferes with the proper discharge of his duties;

(4) who wilfully and intentionally disobeys reasonable and lawful rules, orders, and instructions of the employer; provided, however, the employer shall not bar an employee from patronizing the employer's business after the employee's working hours are completed;

(5) who performs his work assignments in a negligent manner;

(6) whose continuous absences from his place of employment affect the interests of his employer;

(7) who is incompetent or inefficient, thereby impairing his usefulness to his employer;

(8) who is dishonest; or

(9) whose conduct is such that it leads to the refusal, reluctance or inability of other employees to work with him.

(b) The Commissioner may by rule or regulation adopt additional grounds for discharge of an employee not inconsistent with the provisions enumerated in subsection (a) of this section.

(c) Any employee discharged for reasons other than those stated in subsection (a) of this section shall be considered to have been

governing employment practice in the Virgin Islands and general maritime law recognizes a maritime tort for wrongful discharge, the VIWDA should provide the statutory authority for appellant's claim against HOVIC. We cannot agree. We start with the requirement that state or territorial law must be consistent with federal maritime principles and policies before it can be used as the basis of a maritime claim. *See Romero v. International Terminal Operating Co.*, 358 U.S. 354, 373–74, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959); *Calhoun v. Yamaha Motor Corp., U.S.A.*, 40 F.3d 622, 627 (3d Cir.1994) ("State law may provide the rule of decision in an admiralty case so long as it does not conflict with maritime law."); *Sosebee v. Rath*, 893 F.2d 54, 56 (3d Cir.1990) (noting that "there is a strong interest in maintaining uniformity in maritime law"). Whether a claim could be brought under the VIWDA that would also be cognizable as a maritime tort under the public policy exception to the at-will employment rule is not presented by the facts as alleged in this case, which are set out as a generic violation of the VIWDA. We hold here that the VIWDA itself does not constitute such an exception.

## IV. CONCLUSION

For the reasons stated above, the decision of the Territorial Court will be affirmed.

### ORDER OF THE COURT

**AND NOW,** this 16th of August, 2002, having considered the parties' submissions and arguments, and for the reasons set forth in the Court's accompanying Opinion of even date, it is hereby

**ORDERED** that the December 18, 2000 Judgment and Order wherein the Territorial Court dismissed Appellant's Complaint for failure to state a claim is **AFFIRMED.**

wrongfully discharged; however, nothing in this section shall be construed as prohibiting an employer from terminating an employee as a result of the cessation of business operations or as a result of a general cutback in the work force due to economic hardship, or as a result of the employee's participation in concerted activity that is not protected by this title.
24 V.I.C. § 76.