Mark GRIESS and Robert Pate,
Plaintiffs–Appellants,

v.

CONSOLIDATED FREIGHTWAYS COR-
PORATION OF DELAWARE, Steve
Lindner and Does I and II, Defen-
dants–Appellees.

No. 87–1837.

United States Court of Appeals,
Tenth Circuit.

Aug. 7, 1989.

Bernard Q. Phelan, Cheyenne, Wyo., for
plaintiffs-appellants.

Lee Dale of Sherman & Howard, Denver,
Colo., for defendants-appellees.

Before McKAY, SEYMOUR and
BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

Plaintiffs-appellants, Mark Griess and
Robert Pate, each sustained injuries in sep-
arate accidents in early 1986 from a "long
blade" forklift while in the employ of de-
fendant-appellee, Consolidated Freightways
(CF). CF admits that both men, as part-
time or "casual" dockworkers, were told
that if they filed worker's compensation
claims, they would not be called back to
work. Despite CF's admonition, Griess and
Pate made their respective claims under
Wyo.Stat. §§ 27–12–101 through 27–12–805
(1977) (repealed July 1, 1987).

When CF removed the men from the list
of available workers, they instituted suit in
Wyoming state court. In their complaint,
Griess and Pate alleged (1) retaliatory dis-
charge by CF in violation of state public
policy, and (2) culpable negligence on the
part of defendants-appellees, coworkers

Steve Lindner and Does I & II (coworkers). Rec. vol. I, doc. 1. CF removed the action to federal district court on the basis of diversity jurisdiction. 28 U.S.C. § 1441(b).

The district court granted CF's and coworker Lindner's motion for summary judgment under Fed.R.Civ.P. 56. Rec. vol. I, doc. 41. Although acknowledging no Wyoming authority was directly on point, the court held that the Wyoming Supreme Court would not recognize a cause of action for retaliatory discharge under the facts of this case because (1) the National Master Freight Agreement (collective bargaining agreement) between CF and the Teamsters supplied Griess and Pate with a remedy and (2) federal labor law, namely 29 U.S.C. § 185, preempted the state law claim. The court also held as a matter of law that coworker Lindner was not culpably negligent, but concluded that his acts constituted ordinary negligence at best. Griess and Pate appealed to this court. 28 U.S.C. § 1291. Our review is plenary. *Missouri Pac. R.R. Co. v. Kansas Gas & Elec. Co.*, 862 F.2d 796, 798 (10th Cir.1988) (setting forth standard of review on appeal from grant of summary judgment). We reverse and remand.

### *Retaliatory Discharge*

■ The parties agreed at oral argument that the Supreme Court's recent decision in *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), disposed of CF's preemption argument. In *Lingle*, plaintiff contended that she was improperly discharged from her employment for filing a claim under the Illinois Worker's Compensation Act. The Court held that plaintiff's state tort claim was not preempted by 29 U.S.C. § 185. Accordingly, Griess and Pate are not foreclosed on preemption grounds from pursuing their state retaliatory discharge claim against CF.

But that still leaves us with the question of whether the State of Wyoming might recognize the tort of retaliatory discharge in this instance. The district court believed the collective bargaining agreement provided Griess and Pate with a remedy, and

therefore found that Wyoming would not allow a cause of action in tort based on its decision in *Allen v. Safeway Stores Inc.*, 699 P.2d 277 (Wyo.1985). In *Allen*, the court stated: "If there exists another remedy for violation of the social policy which resulted in the discharge of the employee, there is no need for a court-imposed separate tort action premised on public policy." *Id.* at 284.

■ We expressed our disagreement with the district court's interpretation of the collective bargaining agreement in an order of certification to the Wyoming Supreme Court dated January 18, 1989. While article 3, section 2 of the agreement discusses both probationary and casual employees, only probationary employees are expressly covered under the terms of the agreement. Rec. vol. I, doc. 26, exh. A at 11–12. As noted, Griess and Pate were casual workers. We believe the contracting parties failure to provide express coverage for casual employees was not inadvertent, and find support for our conclusion in the union representative's refusal to file a grievance on behalf of Griess and Pate although only the representative was empowered to do so under article 7 of the agreement. *Id.* at 26.

■ Therefore, consistent with our interpretation of the collective bargaining agreement, and in recognition of the principle that questions of state public policy are for the state alone to decide, we certified the following issue to the Wyoming Supreme Court pursuant to Wyo.R.App.P. 11.-01:

> Whether Wyoming law provides an employee, injured in the course of his employment, a cause of action against his employer for retaliatory discharge based upon a violation of the State's public policy, where the employer discharges the employee as a result of the employee's worker's compensation claim and where the employee is not covered by the terms of a collective bargaining agreement?

In a well-reasoned published opinion, the details of which need not be set forth here, the Wyoming Supreme Court answered

yes. *Griess v. Consolidated Freightways Corp.*, 776 P.2d 752 (Wyo.1989). Thus, the district court erred in granting summary judgment for CF. Griess and Pate must be permitted to pursue their retaliatory discharge claim against CF in the district court.

### Culpable Negligence

Because the Wyoming Supreme Court had supplied us with ample law regarding what conduct constitutes culpable negligence, we declined to certify Griess' and Pate's claim against their coworkers. *E.g., Poulos v. HPC, Inc.*, 765 P.2d 364, 366–67 (Wyo.1988); *Stundon v. Sterling*, 736 P.2d 317, 318 (Wyo.1987); *Bettencourt v. Pride Well Serv., Inc.*, 735 P.2d 722, 729 (Wyo. 1987); *Bryant v. Hornbuckle*, 728 P.2d 1132, 1136 (Wyo.1986); *Barnette v. Doyle*, 622 P.2d 1349, 1362 (Wyo.1981). Under Wyo.Stat. § 27–12–103(a) (repealed July 1, 1987), a worker's sole remedy for injuries incurred in extrahazardous employment at the time of the incidents in question was contained in the Wyoming Worker's Compensation Act, except where the worker's injuries were a result of coworkers' culpable negligence. In *Barnette*, 622 P.2d at 1362, the court defined culpable negligence as willful and serious misconduct. Willful was further defined "such as is done purposely, with knowledge ... as to evince a reckless disregard of consequences." *Id.* In *Bryant*, 728 P.2d at 1136, the court explained: "The aggravating factor which distinguishes willful misconduct from ordinary negligence is the actor's state of mind. In order to prove that an actor has engaged in willful misconduct, one must demonstrate that he acted with a state of mind that approaches intent to do harm."

Initially, we note that neither the district court in its summary judgment order nor the parties in their appellate briefs address the claims against coworkers Does I & II. Because Griess and Pate at this stage of the litigation have yet to reveal these coworkers' identities despite completing discovery, or adduce any evidence of their wrongdoing, we direct the entry of judgment in favor of these unidentified coworkers for lack of evidence. Applying the Wyoming Supreme Court's definition of culpable negligence to the claim against coworker Lindner, however, we believe the record presents genuine issues of material fact regarding his potential liability. Although Lindner has denied knowledge of the forklifts' purportedly defective condition, Griess and Pate have proffered evidence to the contrary sufficient to withstand summary judgment against them. Both men have stated that Lindner, as a terminal manager for CF, was present during safety meetings during which the dangerous condition of the forklifts was discussed. Rec. vol. I, doc. 33 at ¶ 12; *id.* doc. 35 at ¶ 12. Moreover, to support their statements, they have submitted an attendance form indicating Lindner's presence at the meetings. *Id.* doc. 33 at exh. B. Thus, whether Lindner possessed knowledge of a high probability of harm to Griess and Pate, but failed to take steps to ensure their safety, is an issue unsuited for summary judgment. *Poulos*, 765 P.2d at 366–67. *See also Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1309 (10th Cir.1980) (issues of intent and motive generally inappropriate for summary judgment). The district court erred in granting summary judgment for Lindner as well.

REVERSED and REMANDED.