**VERMALIE CHARLES, Plaintiff**

**v.**

**HYATT CORPORATION, d/b/a HYATT REGENCY, ST. JOHN, and
JERILYN SYLVESTER, Defendants**

Civil No. 454/1991

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

July 10, 1992

HODGE, *Presiding Judge*

MEMORANDUM AND ORDER

The issue before the Court on Defendant's Motion to Dismiss is whether the National Labor Relations Board has exclusive Jurisdiction to hear this labor dispute under the federal pre-emption doc-

trine. For the reasons that follow the court answers the question affirmatively.

## FACTS

On or about February 22, 1990 Virgin Grand Hotel hired plaintiff as a Room Service Coordinator. Subsequently, on or about April 1, 1990, Co-defendant Hyatt Corporation d/b/a Regency, St. John ("Hyatt Regency") took over the management operations of the hotel. In June 1990 plaintiff began to organize the hotel workers on behalf of the Virgin Islands Workers Union. Plaintiff alleges that Hyatt Regency was aware of her union activities and began to harass her on the job on several occasions which led to her three-day disciplinary suspension on September 27, 1990 and her heart attack on November 1, 1990. Plaintiff has not returned to work since then. The Virgin Islands Workers Union, Local 611, Hotel Employees International Union, filed an Unfair Labor Practice (ULP) Charge on plaintiff's behalf against defendants before the Federal National Labor Relations Board (NLRB), Case No. 24-CA-6270. The NLRB accepted jurisdiction over the case and issued a complaint alleging that they found cause to believe that Hyatt through its agent, Jerilyn Sylvester, Co-defendant, harassed and discriminatorily suspended plaintiff from her job in violation of the National Labor Relations Act (NLRA). That action before the NLRB is still pending. Plaintiff now brings this wrongful discharge action in this court against Sylvester and Hyatt Regency alleging that she was wrongfully discharged in violation of local law, Title 24 V.I.C. Section 76. Plaintiff also seeks judgment against defendant for emotional distress, lost wages, loss of enjoyment of life, and seeks compensatory and punitive damages. Defendants have filed this instant motion to Dismiss on the grounds that this court lacks subject matter jurisdiction under the federal pre-emption doctrine.

## DISCUSSION

Sylvester and Hyatt Regency contend that this Court lacks subject matter jurisdiction on the grounds that the NLRB has exclusive Jurisdiction to hear this labor dispute. Sylvester cites several Supreme Court Cases as her authority, including the landmark decision on this issue, San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236 (1959) and its progeny. Plaintiff argues in opposition that the state interest in this case is substantial and the matter is prop-

erly before this Court. To find pre-emption in this case, plaintiff argues, would be a "condonation of the defendants malicious and tortuous conduct," and contrary to the spirit of the U.S. Supreme Court cases on the issue.

Congress has given the National Labor Relations Board exclusive jurisdiction to hear Labor Management disputes.

> When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by Section 7 of the National Labor Relations Act, or constitute an unfair labor practice under Section 8 due regard for the federal enactment requires that State jurisdiction must yield. San Diego Building Trades Council v. Garmon, 359 U.S. 236, 245, 79 S.Ct. 773, 779 (1959).

The Court went on to explain its holding by stating:

> To leave the States free to regulate Conduct so plainly within the central aim of federal regulation involves too great a danger of conflict between power asserted by Congress and requirements imposed by State law . . . Regardless of the mode adopted, to allow the states to control conduct which is the subject of national regulation would create potential frustration of national purposes.

However, despite Congress' mandate to grant exclusive jurisdiction in the NLRB over labor-management disputes, the Supreme Court has carved out several exceptions to the general rule. The Court would not preclude a State from having jurisdiction over a labor-management dispute where the activity the State seeks to regulate "was a merely peripheral concern of the Labor Management Relations Act," Id. See, also International Ass'n of Machinists v. Gonzales, 356 U.S. 617, 78 S.Ct. 923 (1958). "Where the regulated conduct touched interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, we could not infer that Congress had deprived the States of the power to act." Id. See, also International Union, United Automobile, Aircraft and Agricultural Implement Workers v. Russell, 356 U.S. 634, 78 S.Ct. 932 (1958); and Linn v. United Plant Guard Workers of Amer. Loc. 114, 383 U.S. 53, 86 S.Ct. 657 (1966)

The pre-emption doctrine is also not applied "where the particular rule of law sought to be invoked before another tribunal is so structured and administered that, in virtually all instances, it is safe

to presume that judicial supervision will not disserve the interests promoted by the federal labor statutes." Motor Coach Employees v. Lockeridge, 403 U.S. 274, 297–298, 91 S.Ct. 1909, 1923 (1971).

Additionally, Congress itself has carved out exceptions to the board's exclusive jurisdiction: Section 303 of the Labor Management Relations Act, 1947, 61 Stat. 158, 29 U.S.C. Section 187 expressly permits anyone injured by a violation of N.L.R.A. Section 8(b)(4) to recover damages in a Federal Court even though such unfair labor practices are also remediable by the board; Section 301 of that Act, 61 Stat. 156, 29 U.S.C. Section 185, permits suits for breach of a collective bargaining agreement regardless of whether the particular breach is also an unfair labor practice within the jurisdiction of the board; and N.L.R.A. Section 14, as amended by Title VII Section 701(a) of the Labor-Management Reporting and Disclosure Act of 1959, 73 Stat. 541, 29 U.S.C. Section 164(c), permits state agencies and courts to assume jurisdiction over labor disputes over which the board declines to assert jurisdiction, and suits directly involving action which is arguably subject to section 7 or section 8 of the Act; Vica v. Sipes at 180, 911 quoting Garmon.

■ "The first inquiry in any case in which a claim of federal pre-emption is raised is whether the conduct called in question may reasonably be subject to Labor Board Review." Linn at 60 and 662.

In applying the law to the facts, the only exception to the pre-emption rule that may be applicable in this case is the exception carved out by the Supreme Court "where the regulated conduct touched interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, we can not infer that Congress had deprived the states of the power to act."

■■ Title 24 V.I.C. Section 76 (Wrongful Discharge Act) was enacted by the Virgin Islands Legislature on December 29, 1986, (No. 5227 Section 2, Session Laws 1986 p. 378). The Legislature did not expressly outline any policy grounds for its enactment, but it has been interpreted to be based on public policy reasons which recognize and respect the pre-emption doctrine. See, General Offshore Corp. v. Farrelly, 25 V.I. 226, 256–262 (1990). The critical inquiry in deciding whether a state or territorial claim is pre-empted is an analysis to determine if the activities of the employee are protected by Section 7 of the NLRA and if the conduct of the employer

is prohibited by Section 8 of the NLRA. Here, there is no doubt whatsoever that both Sections 7 and 8 apply and that the issues do not relate to interests so deeply rooted in community feeling and responsibility to avoid pre-emption.

■  Moreover, in this case the Workers Union filed unfair labor practice charges with the NLRB (Case No. 24-CA-6270) placing jurisdiction of this matter in that forum. Additionally, the NLRB has accepted jurisdiction of this matter and has issued a complaint. Thus, this case is clearly within the jurisdiction of the NLRB even though plaintiff has alleged tort claims. To allow this Court to control activities that are subject to federal regulation and are within the jurisdiction of the NLRB involve too great a danger of conflict with national labor policy. In this case, there is no state compelling interest to override application of the pre-emption doctrine. Accordingly, it is hereby,

ORDERED, that defendants' Motion to Dismiss is GRANTED, and it is hereby,

FURTHER ORDERED, that all other pending motions are declared moot and therefore DENIED.