**MARGARET JOSEPH, Plaintiff**

**v.**

**UNITED DOMINION CONSTRUCTORS, INC., Defendant**

Civil No. 1994-0006

District Court of the Virgin Islands

Div. of St. Croix

June 20, 1994

BRITAIN H. BRYANT, ESQ., *for Plaintiff*

GERTRUDE LECOINTE, ESQ., *for Defendant*

MOORE, *Chief Judge*

## MEMORANDUM

This matter is before the court on defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## I. BACKGROUND

Plaintiff Margaret Joseph ("Joseph") filed this action in the Territorial Court of the Virgin Islands, Division of St. Croix, against defendant United Dominion Constructors, Inc. ("UDCI"). In her complaint, Joseph states that she was employed by UDCI as of June 26, 1991. In Count I, she asserts that in or about April–May 1993 she was harassed by her supervisor Larry Wright. She alleges that she was sexually harassed in violation of local and federal anti-discrimination laws. In Count II, she contends that she was deliberately transferred from the instrumentation department to the electrical department as a pretext for terminating her. She alleges that her termination was an unfair labor practice and an act of bad faith. In Count III, Joseph contends that she was wrongfully discharged in violation of V.I. Code Ann. tit. 24, § 76.

On or about April 5, 1994, UDCI removed the action to this court because the complaint alleged a Title VII violation, 42 U.S.C. § 2000e et seq. UDCI then filed the instant motion to dismiss. Defendant argues that the complaint should be dismissed because (1) plaintiff failed to grieve her claims under the terms of the collective bargaining agreement, (2) her wrongful discharge claims are preempted by federal law, and (3) she must first exhaust administrative remedies before filing a discrimination action in this court.

## II. DISCUSSION

■■ The court cannot dismiss an action under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims as pled which would entitle the plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45–46 (1957). The factual allegations raised in the complaint must be assumed to be true. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should be construed liberally in the plaintiff's favor, giving that party the benefit of all fair inferences which may be drawn from the allegations. Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

There is no dispute in this case that Joseph was a member of the United Steelworkers of America during her employment with UDCI. Her employment was governed by a collective bargaining agreement between the union and UDCI which included a procedure for resolving grievances. Joseph contends that she attempted to file a grievance once she was terminated. She also asserts that she filed race and sex discrimination claims with the Department of Labor in accordance with local and federal anti-discrimination statutes. Lastly, Joseph seeks to amend her complaint in order to add claims for race discrimination, breach of the duty of fair representation, and breach of the collective bargaining agreement.

■ In several recent decisions, this court has ruled that claims brought under the Wrongful Discharge Act are clearly preempted by federal labor law where there is a collective bargaining agreement modifying the employment relationship. See Deterville v. UDCI, No. 1993–188 (D.V.I. filed 11/22/93); Dawson v. HOVIC, No. 1990–162 (D.V.I. filed 11/22/93). Accordingly, Joseph's Count III claim for wrongful discharge under Virgin Islands law is preempted. Likewise, plaintiff's Count II claims for unfair labor practice and bad faith under Virgin Islands law[1] require interpretation of the parties' rights under the collective bargaining agreement and are also preempted. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 218–20 (1985).

As for plaintiff's claims under local and federal anti-discrimination laws, UDCI argues that Joseph has not exhausted her administrative remedies and is not entitled to bring suit. In response, Joseph contends that she filed a complaint with the Department of Labor alleging that she was discriminated against on the basis of her race and sex. Plaintiff's affidavit and accompanying documentation purport to show that she filed a Charge of Discrimination. However, there is some dispute whether plaintiff exhausted her administrative remedies with respect to her charge of sex discrimination. UDCI does not dispute that Joseph filed a complaint with the Department of Labor. Rather, it contends that this complaint

---

[1] Joseph's complaint does not specify the authority behind her unfair labor practice and bad faith claims. For purposes of this motion, it is assumed that plaintiff has invoked V.I. Code Ann. tit. 24, § 65.

222

alleged that plaintiff was discriminated against solely due to her race.

■ At this stage of the proceedings, the court is concerned whether there are sufficient factual allegations in plaintiff's complaint to support her claims. Joseph does not even allege that she filed a charge of discrimination. Clearly, plaintiff must amend her complaint in order to aver that she exhausted her administrative remedies. She also seeks to add claims for race discrimination, breach of the duty of fair representation, and breach of the collective bargaining agreement. She has not filed a formal motion to amend, however, given the liberal amendment policy under Fed. R. Civ. P. 15(a) and the early stage of this litigation, the court will permit Joseph to file an amended complaint.

## III. CONCLUSION

UDCI's motion to dismiss is therefore granted in part and denied in part. The motion is granted with respect to Counts II and III of the complaint and these claims are dismissed with prejudice. The motion is denied with respect to Count I and plaintiff is instructed to file an amended complaint within twenty days. An appropriate order follows.

## ORDER

AND NOW, this 20th day of June 1994, upon consideration of the parties' submissions and the argument of counsel, and in accordance with the Court's Memorandum of even date, it is hereby

ORDERED that Counts II and III are DISMISSED with prejudice; and, it is further

ORDERED that defendant's motion to dismiss Count I is DENIED, and plaintiff is instructed to file an amended complaint in accordance with the Court's Memorandum.