**FRANCIS ARISTIDE, Plaintiff**

**v.**

**UNITED DOMINION CONSTRUCTORS, INC., et al., Defendants**

Civil No. 1993-194

District Court of the Virgin Islands

Div. of St. Croix

June 28, 1994

MOORE, *Chief Judge*

## MEMORANDUM

This matter is before the court on defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## I. BACKGROUND

According to his complaint, plaintiff Francis Aristide ("Aristide") was employed by United Dominion Constructors, Inc. ("UDCI") as a pipe fitter. As of June 10, 1993, he began performing work at Hess Oil Virgin Islands Corp. ("HOVIC") refinery. On June 24, 1993, he was injured while working when he stepped on a loose pipe and fell. The accident apparently injured Aristide's left leg and other parts of his body. Four days later he was terminated by UDCI.

Aristide initiated this action on or about July 19, 1993 by filing a two-count complaint against UDCI and HOVIC. In Count I of the complaint, Aristide alleges that his injuries were a result of HOVIC's negligence. In Count II he alleges that he was wrongfully terminated in violation of his employment contract, workers' compensation laws, and the wrongful discharge statute, V.I. Code Ann. tit. 24, § 76. UDCI filed an answer on or about August 10, 1993. On January 13, 1994, UDCI filed this motion to dismiss Count II on the grounds that Aristide's claims are preempted by federal labor law. Oral argument was held on April 20, 1994, after which the court ordered plaintiff to supplement the record and the matter was continued until the week of May 23, 1994. The parties appeared before the court on May 24, 1994 for additional argument.

## II. DISCUSSION

Although styled as a Rule 12(b)(6) motion, this motion requires the court to consider matters outside the pleadings and is therefore treated as one for summary judgment. See Fed. R. Civ. P. 12(b).

 A court may enter summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The non-moving party must show that a genuine issue exists; in so doing, that party receives the benefit of all reasonable doubts and inferences drawn from the underlying facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Not every issue of fact will be sufficient to defeat a motion for summary judgment; issues of fact are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

UDCI contends that Aristide's claims for wrongful discharge and breach of contract are preempted by the Labor Management Relations Act, 29 U.S.C. § 301. It relies on two recent decisions of this court in furtherance of its argument that Aristide must first invoke the collective bargaining agreement's grievance procedures before bringing an action for damages under V.I. law. Deterville v. UDCI, Inc., No. 1993–188 (D.V.I. filed 11/12/93); Dawson v. HOVIC, No. 1990–162 (D.V.I. filed 11/22/93). In support of this motion, Larry Cagle, UDCI's Administrative Manager, states that "Aristide was employed as a pipe fitter, pursuant to a Collective Bargaining Agreement then existing between UDCI and the United Steelworkers of America." (Cagle Aff. ¶ 3.) UDCI's records indicate that at the time he was hired Aristide authorized UDCI to deduct monthly union dues from his pay. (Johnson Aff., Exs. A, B.)

In response, plaintiff contends that he was not a union member nor subject to any collective bargaining agreement. (Aristide Aff. ¶ 7.) He asserts that he came to St. Croix under a separate employment contract which did not include an arbitration agreement. He relies upon Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987), in arguing that his claims are not preempted by federal labor law.

In Caterpillar, a group of employees filed a state court action against their employer for breach of contract. The employees had been hired by Caterpillar for union jobs but were later given man-

226

agerial or salaried positions not covered by the collective bargaining agreement. They alleged that during the course of their non-union employment they were promised that if the San Leandro facility ever closed Caterpillar would provide them with jobs at other facilities. In December 1983, Caterpillar notified them that the facility was closing and that they would be laid off. After plaintiffs filed their action in state court, Caterpillar removed the action to federal court on the grounds that any individual employment contracts were merged into and superseded by a collective bargaining agreement. The Supreme Court, however, held that the action was not removable because plaintiffs' state law contract claims were not preempted by federal law. The Court found that these claims were not dependent upon any collective bargaining agreement but based on alleged promises made while plaintiffs were in managerial or salaried positions.

■ Relying on Caterpillar, Aristide argues that he has rights arising under local laws which are independent of any collective bargaining agreement, and thus, are not preempted by federal law. However, the present record simply does not support plaintiff's position. On the day Aristide commenced his employment with UDCI he authorized the company to deduct union dues from his pay in accordance with Section 5.1 of Article 5 of the collective bargaining agreement. He was employed as a pipefitter, Class A, which was a job classification covered by Section 12.1 of Article 12. And at the time Aristide was terminated, he was apparently a "probationary" employee in accordance with Article 3 of that agreement. (Pl.'s Surreply Br., Ex. 2.) Thus, unlike the Caterpillar employees, it does not appear that Aristide ever worked in a non-union capacity or under any contract other than the collective bargaining agreement.

■■ It is clear then that plaintiff's employment relationship was entirely covered by a collective bargaining agreement, and that his claim for wrongful discharge under V.I. law is preempted by Section 301 of the Labor Management Relations Act. See Deterville, No. 1993–188, slip op. at 1. His claim for breach of contract, as premised on the existence of an independent contract, must fail as well since no such contract existed.

In plaintiff's claim under Virgin Islands workmen's compensation laws, he apparently alleges that his termination was in viola-

tion of the public policy which protects injured employees against retaliatory discharge. (Pl.'s Opp'n Br. at 10–11.) UDCI contends that this theory of recovery encompasses only mandatory rehiring in accordance with V.I. Code Ann. tit. 24, § 285, and that Aristide is unable to perform the same work.

■ Although UDCI contests the merits of Aristide's claim, the precise question here is whether such a claim is preempted. In this jurisdiction, a cause of action exists for retaliatory discharge when an at-will employee is fired for filing a workmen's compensation claim. See Ferris v. Industrial Gases, Inc., 23 V.I. 183, 191–92 (D.V.I. 1987). In order for this plaintiff to succeed on such a claim, he must show: (1) that he was discharged in retaliation for filing a workmen's compensation claim, (2) that he has a right against retaliatory discharge, and (3) that that right was not waived by a collective bargaining agreement. See Anderson v. Coca Cola Bottling Co. of New York, Inc., 772 F. Supp. 77 (D. Conn. 1991).

It has not been decided by this Circuit or this court whether an employee whose employment relationship is governed by a collective bargaining agreement may assert such a claim. A district court interpreting Pennsylvania's workmen's compensation laws found that such a claim was preempted. Costello v. United Parcel Service, Inc., 617 F. Supp. 123 (E.D. Pa. 1984), aff'd without opinion, 774 F.2d 1150 (3d Cir. 1985); cf. Eldridge v. Felec Services, Inc., 920 F.2d 1434 (9th Cir. 1990); Smolarek v. Chrysler Corp., 879 F.2d 1326 (6th Cir. 1989); Griess v. Consolidated Freightways Corp. of Delaware, 882 F.2d 461 (10th Cir. 1989). This Circuit has previously stated that, "[t]he issue turns on whether the state claim is properly viewed as one for wrongful discharge or for interference with the right to benefits ...." Krashna v. Oliver Realty, Inc., 895 F.2d 111, 115 (3d Cir. 1990) (interpreting Pennsylvania law).

■ In this case, it seems clear that Aristide's claim can be viewed properly only as a claim of wrongful discharge rather than interference with benefits. Plaintiff's complaint does not contain any allegation that he was discharged for pursuing his statutory right to benefits. Cf. id. at 115, n.6. Thus, it appears that plaintiff's claim is not outside the scope of the collective bargaining agreement and is preempted by federal law.

## III. CONCLUSION

For all these reasons, the Court concludes that Aristide's claims against UDCI in Count II of the complaint must be dismissed. An appropriate order follows.

## ORDER

AND NOW, this 28th of June 1994, upon consideration of the parties' submissions and the argument of counsel, it is hereby

ORDERED that defendant's motion to dismiss is GRANTED.