**CARLYNA ALLARD, Appellant**

**v.**

**HESS OIL VIRGIN ISLANDS CORP., Appellee**

D.C. Civ. App. No. 1997/012,

Terr. Ct. Civ. No. 069/1992

Div. of St. Croix

March 4, 1999

MAURICE CUSICK, ESQ., LEE J. ROHN, ESQ., St. Croix, U.S.V.I., *for appellant*

BETH MOSS, ESQ., TIMOTHY T. STEVENS, ESQ., St. Croix, U.S.V.I., *for appellee*

MOORE, *Chief Judge,* FINCH and MEYERS, *Judges*

### OPINION OF THE COURT

PER CURIAM

The issues presented on appeal are whether Carlyna Allard ["Allard" or "appellant"] had a viable claim pursuant to the Virgin

Islands Wrongful Discharge Act, 24 V.I.C. § 76 ["WDA"] and whether her complaint stated a claim for sexual harassment pursuant to the Virgin Islands Civil Rights Act. We affirm the trial court's dismissal of appellant's complaint for lack of jurisdiction, concluding that Allard's rights under the WDA were modified by the union's Collective Bargaining Agreement ["CBA"]; that her WDA claim in any case was preempted by federal labor law; that appellant did not properly use the grievance procedures available to her under the CBA; and that Allard did not preserve her local Civil Rights Act claim.

## FACTS AND PROCEDURAL HISTORY

Appellant worked at Hess Oil Virgin Islands Corporation ["HOVIC"] as a Process Operator "C" from April, 1989 to February, 1990. All operating and maintenance employees at HOVIC are members of a collective bargaining unit. As a condition of employment, Allard was required to join the Local Union 8526 of the United Steelworkers of America, AFL/CIO-CLC ["Union"], pay assessments, periodic dues, and initiation fees. Under section 3.4 of the CBA, appellant remained on probation for a period of 180 days "to enable the Company to determine the employee's ability to fill the job." (Joint Appendix of Carlyna Allard ["J.A."] at Ch. 2, Art. 3, § 3.4).[1] During the 180-day probationary period, HOVIC retained the right to transfer or discharge appellant for inability to do the work without being subject to the threat of a grievance. Allard was still a probationary employee when she resigned her position in February, 1990.

Although appellant alleges that she repeatedly complained to her foreman, supervisors, and other management officers about sexual harassment on the job, she did not take advantage of the grievance procedure to address this issue before she resigned. Instead, Allard waited almost two years after her resignation to sue her former employer in the Territorial Court. Appellant alleged in her complaint that she had been forced to resign because her work

---

[1] Although the parties coordinated the submission of a joint appendix pursuant to V.I. R. APP. P. 24(b), counsel for appellant is again reminded to independently number the pages of the appendix for ease and convenience of reference. VIRAP 24(c).

environment became intolerable due to the sexual harassment by several of her co-workers, which she said had not been addressed after many complaints to her foreman, supervisors and other management officers. On the theory of "constructive discharge," appellant alleged that she was terminated in violation of the WDA. Allard alleged no jurisdictional bases other than the WDA.

On or about August 3, 1992, HOVIC filed a motion to dismiss, or, alternatively, a motion for summary judgment on the grounds that the Territorial Court lacked subject matter jurisdiction. Over appellant's opposition, the court granted HOVIC's motion to dismiss on December 20, 1996. Allard filed this timely appeal, for the first time raising a claim under the Civil Rights Act, V. I. CODE ANN. tit. 10, § 64.

## DISCUSSION

### A. Jurisdiction & Standard of Review

This Court has appellate jurisdiction to review the judgments and orders of the Territorial Court in all civil cases. 4 V.I.C. § 33. Where the issues on appeal involve the application of legal precepts and statutory construction, the standard of review is plenary. *See Government of the Virgin Islands v. Steven*, 36 V.I. 176, 962 F. Supp. 682 (D.V.I. App. Div. 1997); *Vandenberg v. Williams*, 32 V.I. 385, 387, 891 F. Supp. 244, 246 (D.V.I. App. Div. 1995); *Ross v. Bricker*, 26 V.I. 314, 318, 770 F. Supp. 1038, 1042 (D.V.I. App. Div. 1991).

### B. Appellant Had No Claim Under The Wrongful Discharge Act

*The WDA excepted the union CBA from its nine lawful grounds for discharge*

■ The Wrongful Discharge Act has always allowed its nine statutory grounds for discharge to be modified by union contract. Although it has since been amended, section 76(a) in 1989 and 1990 began with the phrase "unless modified by contract, an employer may dismiss an employee . . . [listing nine lawful grounds for discharge]." 24 V.I.C. § 76(a). HOVIC and the union thus lawfully negotiated a "180 day probationary period . . . to enable the

Company to determine the employee's ability to fill the job." (J.A. at Ch. 2, Art. 3, § 3.4.) Allard was a member of the union specifically designated as the exclusive collective bargaining representative of the HOVIC employees. (Id. § 1.1.) Allard was an employee governed by the CBA, since she worked as an operator and "employee" included all operating and maintenance employees. (Id. § 3.1.) The trial court correctly ruled that the provisions of the CBA removed appellant's claim that she was wrongfully discharged from under the WDA's restriction by the very terms of the WDA.

*Allard's WDA claim was preempted by federal law*

■  The Territorial Court also correctly concluded that Allard's constructive discharge claims were preempted by federal law. At the time of her resignation, appellant was a member of a collective bargaining unit and her employment with HOVIC was governed by the terms and conditions set forth in the CBA. Accordingly, Allard's suit to enforce her claim under the WDA was preempted by federal labor law, which prohibits the Virgin Islands Legislature from dictating the grounds for dismissal which must be included in a CBA.

Section 301 of the federal Labor Management Relations Act ["LMRA"] states: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ." 29 U.S.C. § 185(a). The Supreme Court has held that section 301 of the LMRA expresses a federal policy that the substantive law to be applied in section 301 cases is federal law, not state law. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209, 85 L. Ed. 2d 206, 105 S. Ct. 1904 (1985) (*citing Textile Workers v. Lincoln Mills*, 353 U.S. 448, 456, 1 L. Ed. 2d 972, 77 S. Ct. 912 (1957)). By enacting section 301, Congress intended to create a uniform body of federal common law to govern labor contract disputes and thereby preempted local labor laws. *Id.* 471 U.S. at 210. Therefore, questions relating to the nature of the parties' agreement, or to the legal consequences of breaches of the agreement, must be resolved by reference to uniform federal law, and any Virgin Islands law that defines the

meaning or scope of a term in a CBA is preempted by federal labor law. *Id.* at 210-11. Only such preemption "preserves the central role of arbitration in our 'system of industrial self-government.'" *Id.* at 219 (*quoting Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 581, 4 L. Ed. 2d 1409, 80 S. Ct. 1347 (1960)).[2]

*Grievance procedures were available to Allard*

We reject Allard's assertion that the CBA provided no procedure for a probationary employee to submit a complaint which would lead to arbitration. The Court has already ruled that appellant was an employee under the CBA. She, therefore, had the right to file a grievance just like a non-probationary worker. Article 24 of the CBA clearly outlined the procedure an employee had to follow to resolve a complaint, dispute or grievance, and further states to whom a grievance and/or request for arbitration should be addressed.

While Article 24 contemplates that most disputes would be settled orally or informally, if a dispute is not settled according to the mutual satisfaction of the disputing parties, a written grievance must be presented. Section 24.3, Step 1, states the procedure for presenting a grievance, and provides in pertinent part:

> All complaints, disputes or grievances from any employee[] or group of employees or shop stewards shall be prepared by the Union representative on forms presently being utilized. The grievance shall be submitted by the Union representative to the employee's or employee's [sic] immediate supervisor within one hundred and twenty (120) hours after the occurrence of the event about which the complaint is made.

(J.A. at Ch. 2, Art. 24, § 24.3.) If the dispute is not satisfactorily settled in Step 1, the union representative may submit the griev-

---

[2] *See Aristide v. United Dominion Constructors, Inc.*, 30 V.I. 224, 1994 WL 371406 (D.V.I. June 28, 1994) (dismissing wrongful discharge claims as preempted based on existence of CBA); *Joseph v. United Dominion Constructors, Inc.*, 30 V.I. 220, 1994 WL 371412 (D.V.I. June 20, 1994) (same); *Stafford v. Hess Oil V.I. Corp.*, 1998 V.I. LEXIS 10 1998 WL 290237 (Terr. Ct. May 12, 1998) (same); *Charles v. Hyatt*, 27 V.I. 136 (Terr. Ct. 1992) (reaching same result by applying the preemption doctrine of *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 3 L. Ed. 2d 775, 79 S. Ct. 773 (1959)).

ance to the department manager. Failing satisfactory settlement in Step 2, the union representative and the local union president may submit the grievance to the refinery manager. If not satisfactorily resolved at Step 3, the complaining party may submit a written request to the refinery manager for binding arbitration.

Here Allard never spoke to a union representative, nor is there any indication that she tried to bring a grievance. In her complaint, appellant stated only that she "repeatedly complained to her foreman, supervisors, and other management officers . . . ." (J.A. at Ch. 5, Compl. at 2.) She now says that the persons she contacted were intimately involved with labor negotiations and should have advised her to file a grievance. The trial court found appellant's actions (or inaction) to be insufficient, concluding that, absent any showing that Allard had attempted to use the grievance procedures provided in the CBA, she was precluded from suing for damages allegedly arising out a violation of the CBA. *See United Paperworks Int'l Union v. Misco, Inc.*, 484 U.S. 29, 98 L. Ed. 2d 286, 108 S. Ct. 364 (1987). Appellant cannot circumvent the requirements of the CBA by suggesting that the blame for not initiating a grievance lay with her supervisors or with HOVIC management, rather than with herself.

■ Thus, we further agree with the trial court that Allard was required to file a grievance for her claim of sexual harassment under article 26 of the CBA, which prohibits discrimination with respect to "race, color, creed, sex, age, national origin or membership in or activities on behalf of the Union." (J.A. at Ch. 2, Art. 26, § 26.1.) Appellant's probationary status did not prevent a review of the grounds for her constructive discharge.[3]

---

[3] The trial division of this Court has ruled that nothing prevents a probationary employee from filing a grievance for alleged sexual harassment which preceded her firing, even if she has no right to file a grievance challenging the discharge. *See Dawson v. HOVIC*, Civ. No. 1990-162, at 2 (D.V.I. Nov. 1993) (holding that the CBA could not exempt probationary employees from the protection of the anti-discrimination provisions of the Agreement, and "the contracting parties did not intend to legitimize sexual harassment or other discriminatory acts against probationary employees."). Similarly, Allard was not without remedy simply because her claim of constructive discharge under the WDA was preempted by federal law.

## C. Appellant Did Not Sue Under the Virgin Islands Civil Rights Act and Cannot Raise It for the First Time on Appeal

In appellant's complaint, she sought damages only for alleged sexual harassment and constructive discharge under the WDA, and the Territorial Court decided this matter on those theories. Here, for the first time, Allard attempts to present a new theory to substantiate her claims for relief. The facts recited in her complaint cannot be distorted by any stretch of the imagination into a claim for sexual harassment under the Virgin Islands Civil Rights Act ["VICRA" or "Act"], 10 V.I.C. § 64. This Court cannot consider this new claim because a litigant is precluded from seeking relief on a claim not asserted in the trial court, unless there are extraordinary circumstances. *E.g., Prosser v. Prosser*, 34 V.I. 139, 145, 921 F. Supp. 1428, 1432 (D.V.I. App. Div. 1996).

■ The reasons underlying this rule are quite simple. The main one being the need to protect litigants from being blindsided by an appellate decision on issues they had no opportunity to litigate before the trial court. *See, e.g., Singleton v. Wulff*, 428 U.S. 106, 120-21, 96 S. Ct. 2868, 2877, 49 L. Ed. 2d 826 (1976) (*quoting Hormel v. Helvering*, 312 U.S. 552, 556, 61 S. Ct. 719, 721, 85 L. Ed. 1037 (1941) (holding that it is essential that parties in a trial court have the opportunity to offer all the evidence they believe relevant to the issues "in order that litigants may not be surprised on appeal by final decision there of issues upon which they have had no opportunity to introduce evidence")). Since Allard has not suggested any extraordinary circumstances which would warrant consideration of her newly presented VICRA claim, it will not be considered on appeal.

### CONCLUSION

In conclusion, the Territorial Court did not err in dismissing appellant's complaint and claim for wrongful discharge pursuant to the Virgin Islands Wrongful Discharge Act. Allard had no viable claim under the WDA because it was inapplicable by its very terms; the terms of her employment with HOVIC were governed by a collective bargaining agreement which preempted her claims under federal labor law; and she did not use the grievance

procedures available to her under that collective bargaining agreement. Finally, appellant did not preserve her claim under the Virgin Islands Civil Rights Act for purposes of appeal.

DATED this 4 day of March, 1999.