**STORAGE ON SITE, LLC, Plaintiff**

**v.**

**HENRY MAITLAND SLODDEN JR., KAREN SLODDEN, JULIE A. SLODDEN and CAITLIN SLODDEN, Defendants/Third Party Plaintiffs**

**v.**

**TOBY JAMES SLODDEN, Third Party Defendant**

Civil No. ST-11-CV-447

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

August 15, 2012

NANCY D'ANNA, ESQ., St. John, USVI, *Counsel for Plaintiff*.

RONALD W. BELFON, ESQ., Ronald W. Belfon, P.C., St. Thomas, USVI, *Counsel for Defendants/Third Party Plaintiffs*.

CAROL RICH, ESQ., Dudley Rich Davis LLP, St. Thomas, USVI, *Counsel for Third Party Defendant*.

CARROLL, *Judge of the Superior Court of the Virgin Islands*

## MEMORANDUM OPINION

(August 15, 2012)

**THIS MATTER**[1] is before the Court on Plaintiff Storage on Site LLC's Motion for Partial Summary Judgment Granting Plaintiff

---

[1] Nancy D'Anna, Esq., is counsel for Plaintiff Storage on Site LLC. Ronald W. Belfon, Esq., is counsel for Defendant Henry Slodden, Jr. Carol Rich, Esq., is counsel for Third Party Defendant Toby Slodden.

Declaratory Judgment on Counts I and IV of its Amended Complaint or in the Alternative for Valuation of Defendants' Interest by the Court, filed on March 21, 2012. Count I of Storage on Site's Amended Complaint maintains that it is entitled to a temporary restraining order and preliminary and permanent injunction requiring the immediate return of its property. Count IV states that the Plaintiff is entitled to declaratory judgment that Section E of the Operating Agreement requires that the dissociating members' interest in the limited liability company be valued by an appraiser selected by the dissociating members and remaining members.

The Court will grant in part and deny in part Storage on Site's Motion and direct the parties to select an independent appraiser to determine the current value of the departing members' interest.

## I. FACTS

The Court will focus on the narrow set of facts that pertain to the issue of dissociation that is the subject of this Motion for Partial Summary Judgment.

Storage on Site, LLC, is a limited liability company organized under the laws of the Virgin Islands.[2] The members of the LLC, as listed in Storage on Site's Operating Agreement, are Toby James Slodden, Toby James Slodden on behalf of Christopher James Slodden, Toby James Slodden on behalf of Mathew Kenneth Slodden, Henry Maitland Slodden, Jr., Karen B. Slodden, Julie A. Slodden and Caitlin E. Slodden.[3] On April 19, 2011, an individual named William Travers Jerome, Esq., faxed and mailed a notice to Storage on Site's registered agent, Nancy D'Anna, Esq., on behalf of Henry Maitland Slodden, Jr., Karen Slodden, Julie A. Slodden, and Caitland Slodden. The notice stated that on behalf of his clients, he is exercising their power to dissociate pursuant to 13 V.I.C. 1602(a) and the Operating Agreement, effective June 1, 2011.[4] Storage on Site responded to Jerome's notice on April 20, 2011, with a letter acknowledging receipt of the notice to dissociate and requesting that Jerome's clients provide a valuation of their interest in the Company

---

[2] Pl.'s Ex. 2.

[3] Storage on Site Operating Agreement, Section H.

[4] Def.'s Ex. 3; Pl.'s Statement of Undisputed Material Facts ¶ 3.

pursuant to 13 V.I.C. 1603.[5] On May 31, 2011, Jerome replied to Storage on Site's response and stated that while his clients were still exercising their power to dissociate pursuant to Virgin Islands Law and the Operating Agreement, they intended to do so effective June 30, 2011.[6]

Subsequently, on June 30, 2011, Jerome sent Storage on Site a notice containing his clients' proposal with respect to their dissociation from Storage on Site. The proposal contained Jerome's clients' valuation of the company and stated that they would accept a third of that total with the balance paid monthly over three years at 12% interest.[7] This proposal was rejected by Toby James Slodden in an email dated July 2, 2011. In that same email, Toby James Slodden provided an alternative proposal on behalf of the company.[8] His proposal did not contain a statement of the company's assets and liabilities as of June 30, 2011 or the latest available balance sheet income statements.[9]

On September 13, 2011, Attorney Ronald Belfon sent a letter to Storage on Site stating that the purported dissociation of Henry Slodden, Jr., Karen Slodden, Julie Slodden and Caitlin Slodden, was hereby withdrawn and revoked.[10]

The parties now dispute whether Henry Slodden, Jr., Karen Slodden, Julie Slodden and Caitlin Slodden are dissociated from Storage on Site at this time or if the notice revoking their dissociation was effective, thus still leaving them as members of Storage on Site, LLC.

## II. LEGAL STANDARD

Summary Judgment will be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and

---

[5] Pl.'s Ex. 6; Pl.'s Statement of Undisputed Material Facts ¶ 6.

[6] Pl.'s Ex. 7; Def.'s Opp'n Pl.'s Mot. Summ. J. p. 1.

[7] Pl.'s Ex. 8.

[8] Pl.'s Ex. 9; Pl.'s Statement of Undisputed Material Facts ¶ 10.

[9] Pl.'s Ex. 9; Pl.'s Statement of Undisputed Material Facts ¶ 10; Def.'s Opp'n Pl.'s Mot. Summ. J. p. I.

[10] Def.'s Ex. 5.

that the moving party is entitled to a judgment as a matter of law."[11] The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.[12] A fact is material only if its existence or non-existence will affect the outcome of a lawsuit under applicable law, and an issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[13] The role of the court is not to weigh the evidence for its truth or credibility, but merely to ascertain whether a triable issue of fact remains in dispute.[14] The non-moving party receives "the benefit of all reasonable doubts and inferences drawn from the underlying facts."[15]

## III. DISCUSSION

Storage on Site argues that pursuant to the Virgin Islands Code and the Operating Agreement, Henry Slodden, Jr., Karen Slodden, Julie Slodden and Caitlin Slodden are currently dissociated from Storage on Site by virtue of Jerome's notice informing Storage on Site of their dissociation from the LLC effective June 1, 2011 and Jerome's later notice amending the effective date of withdrawal to June 30, 2011. In response, the Defendants[16] argue that their letter revoking and withdrawing their notice to dissociate was effective and that they are still members of Storage on Site. The Defendants reason that their dissociation was never consummated since Storage on Site failed to meet a condition subsequent to the dissociation process, which was presenting a fair valuation of Defendants' assets and an offer to purchase Defendants' distributional interest.

---

[11] FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *see also Skopbank v. Allen-Williams Corp.*, 7 F. Supp. 2d 601, 605, 39 V.I. 220, 227 (D.V.I. 1998).

[12] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

[13] *Id.*

[14] *Suid v. Phoenix Fire & Marine Ins. Co., Ltd.*, 26 V.I. 223, 225 (D.V.I. 1991).

[15] *Aristide v. United Dominion Constructors, Inc.*, 30 V.I. 224, 226 (D.V.I. 1994) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538(1986)).

[16] In referring to the "Defendants," the Court is referring to Defendants/Third Party Plaintiffs Henry Slodden, Jr., Karen Slodden, Julie Slodden and Caitlin Slodden and not Third Party Defendant Toby James Slodden.

Under the Virgin Islands Code, a member is dissociated from a limited liability company upon "the company's having notice of the member's express will to withdraw upon the date of notice or on a later date specified by the member."[17] In an at-will company, the effect of a member's dissociation is that "the company must cause the dissociated member's distributional interest to be purchased under subchapter VII of this chapter."[18] With respect to the company's purchase of the distributional interest, the "limited liability company shall purchase the distributional interest of a member of an at-will company for its fair value determined as of the date of the members' dissociation. . . ."[19] As to the timing of the company's purchase offer, "[a] limited liability company must deliver a purchase offer to the dissociated member whose distributional interest is entitled to be purchased not later than 30 days after the date determined under subsection (a) of this section."[20] The purchase offer must be accompanied by a statement of the companies' assets as of the date of dissociation, the latest balance sheet income statement, and an explanation of how the estimated amount of the payment was calculated.[21] Upon a Court entry of a judicial decree that "the company failed to purchase the petitioner's distributional interest as required by section 1701 of this chapter," a dissociated member may move to dissolve the company and wind up the business. Finally, "[i]f an agreement to purchase the distributional interest is not made within 120 days after the date determined under subsection (a) of this section, the dissociated member, within 120 days, may commence a proceeding against the limited liability company to enforce the purchase."[22]

## A. THE DEFENDANTS DISSOCIATED FROM STORAGE ON SITE. EFFECTIVE JUNE 30, 2011.

■ Here, Jerome provided Storage on Site with the notice that is contemplated by the Virgin Islands Code in its letters dated April 19, 2011 and May 31, 2011, which stated that Henry Slodden, Jr., Karen Slodden,

---

[17] V.I. CODE ANN. tit. 13 § 1601(1) (2006).
[18] § 1603(a)(1).
[19] § 1701(a)(1).
[20] § 1701(b).
[21] § 1701(b)(3).
[22] § 1701(d).

Julie Slodden and Caitlin Slodden were exercising their powers to dissociate. The first letter provided Storage on Site with the Defendants' express will to withdraw on June 1, 2011 and the second letter sought to extend their effective date of dissociation to June 30, 2011. Storage on Site acknowledged receipt of the first notice to dissociate on April 20, 2011 and has not objected to the extended date of dissociation that was proffered by the Defendants on May 31, 2011. Accordingly, the Court finds that the Defendants were dissociated from Storage on Site, effective June 30, 2011, pursuant to 13 V.I.C. 1601. The Code is clear that upon a member's dissociation from a limited liability company "the member's right to participate in the management and conduct of the company's business terminates, except as otherwise provided in section 1803 of this chapter, and the member ceases to be a member and is treated the same as a transferee of a member."[23]

### B. Storage on Site's Defective Purchase Offer did Not Nullify the Defendants' Notice of Dissociation.

With respect to the proper steps for the parties following the Defendants' dissociation, Storage on Site's Articles of Organization[24] expressly state that it is an at-will company. Accordingly, the Court will adjudicate the proper steps for the parties following the Defendants' dissociation under the Code's at-will provisions. Under the Code, upon receiving notice that the Defendants had dissociated, Storage on Site was to commence the process of purchasing the dissociating members' distributional interest in the company. Specifically, Storage on Site must have made a purchase offer to the Defendants within thirty days after June 30, 2011, which was the date that the Defendants dissociated. In addition, the purchase offer must have contained a statement of the companies' assets as of the date of dissociation, the latest balance sheet income statement, and an explanation of how the estimated amount of the payment was calculated.

Here, Storage on Site's purchase offer to the Defendants, made on July 2, 2012, was defective since it did not contain a statement of the company's assets and liabilities as of June 30, 2011 or the latest available

---

[23] § 1603(b)(1).

[24] Storage on Site, LLC's Article of Organization, Article V.

balance sheet income statements and it did not correct the defective offer by July 30, 2011. The Defendants reason that Storage on Site's failure to make the offer in compliance with 13 V.I.C. 1701, essentially nullifies the Defendants' notice of dissociation because compliance with section 1701 is a condition subsequent to dissociation.[25] Storage on Site argues that it could not have possibly made an offer to the dissociated members that meets the requirements of section 1701, since all financial information relating to Storage on Site was in the sole possession of Defendants.

██ The Court finds that notwithstanding Storage on Site's defective purchase offer, the Defendants' notice of dissociation stands. Virgin Islands Code section 1601 is entitled "Events causing member's dissociation," and states that "[a] member is dissociated from a limited liability company upon the occurrence of any of the following events,"[26] and then proceeds to list in detail, eleven separate events that would cause a member's dissociation. The Court interprets section 1601 to mean that if one of the events listed in section 1601 takes place, as was the case here, then dissociation has occurred, with no further steps necessary for the dissociation to be complete.

██ Furthermore, the portions of the Code relied on by the Defendants, namely Sections 1603 and 1701, deal with the steps that must be taken by an LLC after a member has already dissociated. The Court finds that once a member has dissociated from an LLC, if that LLC does not take the steps under section 1701 as required by the statute, the dissociating members' proper remedies include making an application for the dissolution of the company, pursuant to section 1801(4)(iv) or commencing a proceeding against the LLC to enforce the purchase, pursuant to section 1701(d).

Moreover, the Court's finding that the Defendants dissociated is consistent with Storage on Site's Operating agreement. Section E(1) of the Operating Agreement states that "[a] member may withdraw from this

---

[25] The Court notes that the Second Restatement of Contracts no longer recommends the use of the terminology "condition subsequent" or "condition precedent," instead preferring the term "condition of the duty." *See* RESTATEMENT (SECOND) OF CONTRACTS § 224 ("[t]his terminology is not followed here . . . [w]hen a court concludes . . . performance is not to become due unless the event occurs, the event is, in spite of the language, a condition of the duty.").

[26] V.I. CODE ANN. tit. 13 § 1601 (2006).

LLC by giving written notice to all other members at least 30 days before the date the withdrawal is to be effective."[27] Further, the Operating Agreement states that "in the event of such withdrawal, the LLC shall pay the departing member the fair value of his or her LLC interest . . . and if the departing and remaining members cannot agree on the value of departing member's interest, they shall select an appraiser, who shall determine the current value of the departing member's interest." Here, the Defendants, through their attorney, provided written notice to Nancy D'Anna, Esq., the registered agent of Storage on Site, first on April 20, 2011 and later on May 31, 2011, expressing their dissociation effective June 1, 2011 and June 30, 2011, respectively, both within the thirty-day period required by the Operating Agreement. Any disagreements relating to the fair value of the departing members' interest are to be determined by an independent appraiser chosen by the parties.

■ Last, the Defendants did not file a Statement of Dissociation with the office of the Lieutenant Governor, nor did they need to make such a filing for their dissociation to be official. Section 1704 states that "[a] dissociated member or a limited liability company may file in the office of the Lieutenant Governor a statement of dissociation stating the name of the company and that the member is dissociated from the company."[28] The operative word in Section 1704 is "may" as it gives dissociating members the option to file a Notice of Dissociation, but does not make the filing a requirement or prerequisite of dissociation.

### C. THE COURT WILL GRANT SUMMARY JUDGMENT AS TO COUNT IV OF THE AMENDED COMPLAINT AND ORDER THE PARTIES TO SELECT AN INDEPENDENT APPRAISER TO DETERMINE THE CURRENT VALUE OF THE DEPARTING MEMBERS INTEREST.

Count IV of Storage on Site's Amended Complaint states that the Plaintiff is entitled to a declaratory judgment that states that Section E of its Operating Agreement requires that the dissociating members' interest in the limited liability company be valued by an appraiser selected by the dissociating members and remaining members. With the Court's finding today that the Defendants have dissociated as members of Storage on Site,

---

[27] Storage On Site Operating Agreement Section (e)(1).
[28] § 1704.

effective June 30, 2011, the Court will grant summary judgment as to Count IV and direct the parties to move this matter forward by selecting an independent appraiser to determine the amount due to the dissociating members, pursuant to the Operating Agreement. The Court is of the belief, at this time, that a professional appraiser would be in a better position than the Court to make this determination. However, in the event that the parties cannot agree on an independent appraiser, upon application, the Court will determine the fair value of the parties' distributional interest, pursuant to section 1701(e).

## D. THE COURT WILL DENY THE MOTION FOR SUMMARY JUDGMENT AS TO COUNT I.

In Count I of Storage on Site's Amended Complaint, Storage on Site maintains that it is entitled to a temporary restraining order and preliminary, and permanent injunction requiring the return of its property. The Court will deny the Motion for Partial Summary Judgment as to this Count without prejudice since it is not clear to the Court from the record that it is an undisputed fact that the Defendants are in possession of Storage on Site's property at this time. The only facts in this matter that appear to be undisputed at this time are the facts surrounding the Defendants' withdrawal from Storage on Site.

## E. THE COURT WILL DENY THE DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT.

On April 10, 2012, the Defendants filed a Motion to Strike Storage on Site's Motion for Summary Judgment alleging that the motion did not comply with the rules of the Court. The Defendants' position is technically correct since Local Rule of Civil Procedure 56.1(a)(1) states that ". . . each summary judgment motion shall be accompanied by a separate statement of the material facts about which the movant contends there is no genuine issue."[29] In its original Motion for Partial Summary Judgment, Storage on Site did not attach a statement of material facts with its motion. Storage on Site cured this defect, however, on April 18, 2012, when it filed a Statement of Material Fact About Which There is No Genuine Dispute. Customarily, when the Court receives a Motion for

---

[29] LRCi 56.1(a)(1).

Summary Judgment from a party that omits the required statement of facts, it will deny the Motion without prejudice for that reason and allow the party to cure the defect by refiling the motion with the required statement of material facts. In this situation, however, Storage on Site has already cured the defect by virtue of its belated filing of the statement of material facts. Therefore, in the interest of judicial economy, the Court will deny the Defendants' Motion to Strike.

## IV. CONCLUSION

The Court will grant in part and deny in part Storage on Site's Motion for Partial Summary Judgment. Specifically, the Court will grant summary judgment in favor of Storage on Site as to Count IV of its Amended Complaint and deny summary judgment as to Count I. The Court finds that the Defendants dissociated from Storage on Site as of June 30, 2011. Therefore, the Court will grant Storage on Site's requested relief as to Count IV and direct the parties to select an independent appraiser to determine the dissociating Defendants' distributional interests in the property. Last, the Court will deny the Defendants Motion to Strike Storage on Site's Motion for Partial Summary Judgment.